652 P.2d 649

David A. CARTER and William D. Josman, individually and on behalf of those similarly situated, Plaintiff-Appellants,

v.

STATE of Idaho, DEPARTMENT OF HEALTH & WELFARE; Milton G. Klein, individually and in his official capacity as Director of the Idaho State Department of Health & Welfare; David L. Humphrey, Dr. Robert Glover, George W. Bachik and Dr. Carroll M. Elmore, individually and in their official capacities as employees and agents of the Idaho State Department of Health & Welfare, their successors in offices, titles and interests, Defendant-Respondents.

No. 13995.

Supreme Court of Idaho.

June 17, 1982.

Rehearing Denied Oct. 29, 1982.

L. Charles Johnson, III, of Idaho Legal Aid Services, Inc., Idaho Falls, for plaintiffs-appellants.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., James F. Wickham, Deputy Atty. Gen., Boise, for defendants-respondents.

PER CURIAM:

Appellants brought a declaratory judgment action attacking their commitment to State Hospital South pursuant to the automatic commitment provisions of I.C. § 18–214. The district court dismissed the action and we affirm.

The district court dismissed the declaratory judgment action on the basis that other adequate remedies were available, *i.e.,* appeal of the original commitment and *habeas corpus* proceedings. I.R.C.P. 57 does, however, state that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." In *Winther v. Village of Weippe,* 91 Idaho 798, 801, 430 P.2d 689, 692 (1967), we also stated that where "an alternative statutory or common law action may lie, the trial court should not dismiss a declaratory judgment action on that ground alone."

Nevertheless, the rule that the existence of other adequate remedies shall not preclude a declaratory judgment action presupposes an initial determination that a declaratory judgment action is itself an appropriate remedy. In *V–1 Oil Co. v. County of Bannock,* 97 Idaho 807, 808, 554 P.2d 1304, 1305 (1976), we held that the proper method of contesting an agency or judicial decision is by appeal, and that an order or judgment may not later be collaterally attacked by means of a declaratory judgment action. The appellants' collateral attack upon their orders of commitment by means of a declaratory judgment action is thus clearly impermissible.

The appellants in this action failed to appeal their original commitment and thus have lost their appellate avenue of redress. However, where fundamental constitutional errors occur which would render the commitment proceedings and the order of commitment void, then custody may still properly be challenged in an application for a writ of *habeas corpus,* even though no appeal was filed. *In re Downing,* 103 Idaho 689, 652 P.2d 193 (1982); *Smith v. State,* 94 Idaho 469, 474–75, 491 P.2d 733, 738–39 (1971); *Wilson v. State,* 90 Idaho 498, 500–501, 414 P.2d 465, 466 (1966). In the present case, however, we are concerned only with the propriety of the district court's dismissal of appellants' declaratory judgment action. In view of the foregoing, the order of dismissal is affirmed.

McFADDEN, J., concurs in the result.

BISTLINE, Justice, concurring in the result.

Because I believe that there is much in the Court's opinion in this case and the related cases argued contemporaneously, *Downing v. State,* 103 Idaho 689, 652 P.2d 193 (1982) and *State v. Russell,* 103 Idaho 699, 652 P.2d 203 (1982), which is apparently in conflict with the Court's recent opinion in *True v. State,* 103 Idaho 151, 645 P.2d 891 (1982), I am unable to join the Court's opinion, being satisfied only that the result reached therein is correct.