790 P.2d 920

**Patrick CONLEY, Petitioner–Appellant,**

v.

**Larry LOONEY, Carol Dick, Darwin Young, Wm. G. Carringer, Richard Van Zante, Marsha Wilke, John Doe (more readily identified as members of the State Tax Commission), Defendants–Respondents.**

**No. 17509.**

Court of Appeals of Idaho.

Dec. 1, 1989.

Petition for Review Denied May 17, 1990.

Patrick Conley, Boise, pro se.

Quane, Smith, Howard & Hull, Boise, for defendants-respondents. Allyn L. Sweeney argued.

WESTON, Judge Pro Tem.

Patrick Conley asks us to review a summary judgment dismissing a tort action he brought against the members of the State Tax Commission. Conley alleged that the Commissioners had acted improperly and with malice in their determination of his sales tax liability on an automobile. The district court dismissed Conley's suit and imposed a $1,000 sanction under I.R.C.P. 11. On appeal, Conley contends that (1) he was entitled to a default judgment because the Commissioners failed to answer his complaint within 20 days; (2) the district court erred in failing to grant his motion to remove the Commissioners' attorney; (3) the Commissioners did not correctly apply the Idaho Sales Tax Act, which Conley claims to be unconstitutional; and (4) the $1,000 sanction was improperly imposed against him. We uphold the dismissal of Conley's complaint, but remand for findings on the imposition of the sanction.

In 1983 Conley claimed an exemption from the payment of Idaho sales tax on an automobile purchased in Boise. The basis for the exemption was that he lived in Oregon and the automobile was to be used only in that state. Conley listed an Ontario, Oregon, address on his claim of exemption. In the same year, however, he filed an Idaho resident income tax return and claimed a homeowner's tax exemption on a residence in Ada County. In January, 1986, Conley received a Notice of Deficiency Determination for sales tax claimed due on the purchased automobile, together with penalties and interest.

In a twelve page letter, Conley objected to the Notice of Deficiency Determination. He charged the Tax Commission with various constitutional violations, extortion and general lawlessness. The Tax Commission acknowledged the filing of a protest and set the matter for an informal hearing. Following the hearing, the Tax Commission informed Conley that a sales tax was due on the automobile. Conley was also informed of his right to appeal the Tax Commission decision either to the district court or to the Idaho State Board of Tax Appeals. Conley did not appeal.

In late December, 1987, more than sixteen months after the Tax Commission decision was rendered, and well after the time for any appeal from such decision, Conley filed this lawsuit. The complaint sought money damages from members of the Tax Commission acting in their individual capacities. Conley alleged that the defendants violated his constitutional rights and engaged in other "tortious conduct" in the determination of the tax deficiency. On February 9, 1987, Conley caused to be filed a "Notice of Intent to File Tort Claim" with the Secretary of State. Nonetheless, in both the trial court and on appeal Conley later argued that this case is not a claim under the state tort claims act because he is suing the members of the Tax Commission as individuals.

After the complaint was filed, the defendants' attorney filed a motion to dismiss or in the alternative for summary judgment, which was supported by a Tax Commission attorney's affidavit. Conley then filed motions for default judgment and for "dismissal" of the defendants' attorney. The defendants moved the trial court for sanctions under I.R.C.P. 11, contending that Conley's motions were frivolous. After a hearing, the trial court denied Conley's two motions, but granted the defendants' motion to dismiss or in the alternative for summary judgment. The defendants' motion for I.R.C.P. 11 sanctions was also granted upon the court's finding that Conley's motions and the entire action were frivolous. This appeal followed.

I

MOTION FOR DEFAULT

Conley's complaint was filed on December 18, 1987. The defendants' attorney filed a notice of appearance on January 12, 1988, and a motion to dismiss or in the alternative for summary judgment on February 1, 1988. Conley then filed a motion for default judgment on February 11. As noted, his motion for entry of default was denied by the trial court.

■ The trial court's denial of this motion was not error. The motion for default

was filed after the defendants had appeared in the case and had moved either for the dismissal of the action or for summary judgment. Although Conley rejects this pleading as not being an "answer" in the form required by I.R.C.P. 8(b), his argument ignores the plain wording of I.R.C.P. 12(b). Under that rule, a party may raise the failure to state a claim for relief by motion rather than by answer. If the defense is raised by motion, then an answer need not be filed until ten (10) days after the motion is denied. Thus, the filing of the motion to dismiss or for summary judgment not only constituted an appearance but also extended the twenty day answer period. *Bissett v. Unnamed Members of the Political Compact,* 111 Idaho 863, 727 P.2d 1291 (Ct.App.1986) (review denied). Conley was not entitled to a default judgment.

II

REMOVAL OF DEFENDANTS'
ATTORNEY

The appellant also moved the trial court to "dismiss" the defendants' attorney. Although the fact does not appear of record, Conley contends that the defendants' attorney was hired by the State of Idaho. He argues that the state could not hire the attorney because the state itself was not a named defendant in the action and because the named defendants were not sued in their capacity as state employees.

■ The trial court denied the motion to "dismiss" counsel as frivolous. We agree. The complaint was brought against the defendants for actions performed by them in their capacity as members of the Tax Commission. The alleged "tortious conduct" giving rise to the suit was the determination of the tax deficiency and the evaluation of the appellant's objection to the deficiency. Thus, it manifestly appears that the defendants were sued as state employees for acts or omissions committed within the course and scope of their employment. Pursuant to I.C. § 6–903(b), the state had an affirmative duty to furnish legal counsel for the defendants. Under that code sec-

tion, governmental entities have a duty to defend any employee who is sued for acts committed within the course and scope of his or her employment. Since I.C. § 6–903 is dispositive of this issue, we need not consider whether Conley had standing to object to the defendants' attorney or whether "dismissal" of the defendants' attorney would have been a remedy available to the trial court.

## III

## DISMISSAL OF THE COMPLAINT

The gravamen of Conley's complaint was that the determination and collection of a sales tax in this case was unconstitutional and thus tortious. Conley also asserted that even if the Tax Commission followed statutory procedures, the procedures themselves were unconstitutional. Conley asked the district court to hold that in attempting to collect an unconstitutional tax in an unconstitutional manner, the defendants were "joint tort-feasors."

■ Pursuant to I.C. § 63–3049, after the Tax Commission determined the tax deficiency, Conley could have filed an action in the district court or could have taken an administrative appeal. It is clear from the record that he did not avail himself of either right. Having failed to exercise those rights, he cannot now collaterally attack the tax deficiency determination in an independent action. *Bills v. State Dept. of Revenue and Taxation,* 110 Idaho 113, 714 P.2d 82 (Ct.App.1986) (review denied); *Parsons v. Idaho State Tax Commission,* 110 Idaho 572, 716 P.2d 1344 (Ct. App.1986).

■ Conley argues that this action does not seek to relitigate issues that were extant in the administrative determination, but is instead an independent action raising tort issues. The argument is not persuasive. The basis of his claim is that the sales taxes assessment and collection statutes are unconstitutional and that the defendants' conduct is therefore tortious. The constitutionality of a sales tax obligation must be raised and pursued in the assessment and collection proceeding.

*State Tax Commission v. Western Electronics, Inc.,* 99 Idaho 226, 580 P.2d 72 (1978). Moreover, even if the appellant's action were somehow viewed as an independent tort action, it would be without merit. Conley has questioned the constitutionality of the sales tax statutes and regulations; he has not claimed that the defendants failed to follow those statutes and regulations. Absent such a claim, there is no basis to postulate personal misconduct by the defendants giving rise to any potential tort liability. Therefore, we uphold the dismissal of Conley's complaint.

## IV

## I.R.C.P. 11 SANCTION

■ As we have mentioned, the defendants filed a motion for I.R.C.P. 11 sanctions because of Conley's unsuccessful motion to "dismiss" the defendants' attorney and motion for default judgment. The trial court specifically found that each of Conley's motions was frivolous. Next, the trial court found that the entire action was frivolous. Specifically, the judge stated:

> And I just—from reading these matters I think this whole thing is frivolous, and I don't think you read the law, and I don't think you did it properly, and I'm going to assess a thousand dollars attorney fees under the motion for sanctions. I think the record will amply bear out this statement.

The trial court then imposed a sanction against Conley in the form of an attorney fee award of $1,000. It cannot be discerned from the record whether the trial court imposed this sanction only because of the two motions (and merely noted in passing that the entire action was frivolous) or whether the sanction was imposed, at least in part, because the entire action was deemed frivolous.

This Court recently decided that I.R.C.P. 11 sanctions should not be applied to make a "lump-sum compensatory attorney fee award." *Kent v. Pence,* 116 Idaho 22, 773 P.2d 290 (Ct.App.1989). The *Kent* court further stated that "[i]n our view, Rule 11(a)(1) is not a broad compensatory law.

It is a court management tool. The power to impose sanctions under this rule is exercised narrowly, focusing on discrete pleading abuses or other types of litigative misconduct within the overall course of a lawsuit." *Id.* at 23, 773 P.2d at 291. Here, it is impossible to determine from the record whether or not the I.R.C.P. 11 sanction was imposed for particular litigative misconduct (the filing of frivolous motions) or as a broad form of compensation in the form of an award of attorney fees incurred to defend the entire action. As noted in *Kent,* such an attorney fee award could be made in a tort claim case only in compliance with I.C. § 6–918A.

Accordingly, the order imposing this sanction is vacated, and the case is remanded for further proceedings on that issue. In all other respects, the summary judgment dismissing Conley's complaint is affirmed. Costs (exclusive of attorney fees) to respondents.

BURNETT, Acting C.J., and SWANSTROM, J., concur.