972 P.2d 313

AG AIR, INC., an Idaho corporation,
Plaintiff–Appellant,

v.

IDAHO STATE TAX COMMISSION,
Defendant–Respondent.

No. 24204.

Supreme Court of Idaho,
Twin Falls, November 1998 Term.

Feb. 4, 1999.

Ingram Law Office, Burley, for appellant.

Hon. Alan G. Lance, Attorney General; Carl E. Olsson, Deputy Attorney General, Boise, for respondent.

SILAK, J.

This is an appeal from an order of the district court granting summary judgment in favor of the Idaho State Tax Commission in a case involving an equal protection challenge to section 63–3622D of the Idaho Code which authorizes exemptions to Idaho's sales and use taxes. We affirm the summary judgment.

I.

## FACTS AND PROCEDURAL BACKGROUND

### A. Facts

Appellant Ag Air, Inc. (Ag Air) is an Idaho corporation engaged in the business of aerial application of agricultural chemicals. In 1992 and 1994, the respondent Idaho State Tax Commission (Tax Commission) issued three notices of deficiency determina-

tion (NODs) to Ag Air for use tax associated with three aircraft designed and used for agricultural spraying.[1] Ag Air timely protested the NODs and requested that they be consolidated into a single decision. Following a hearing, the Tax Commission entered a tax redetermination decision on June 1, 1994, upholding payment of tax, penalty, and interest in the total amount of $20,417.[2] Ag Air received notice of the decision on June 9, 1994.

### B.   Procedural Background

On August 30, 1994, Ag Air filed a petition for judicial review in the district court, claiming that the disparate use tax treatment of aerial application and ground application of agricultural products under I.C. § 63–3622D unlawfully discriminates against Ag Air and those similarly situated, in violation of the Equal Protection Clause of the Fourteenth Amendment. On October 20, 1994, the Tax Commission filed a motion to dismiss on the ground that Ag Air did not make the required 20% deposit to the Tax Commission within ninety-one days of receiving notice of the decision of the Tax Commission. *See* I.C. § 63–3049(b) (requiring a deposit of 20% of the tax as a prerequisite for judicial review of a Tax Commission decision). The motion to dismiss was granted and an order of dismissal was entered on May 18, 1995.

On April 19, 1995, Ag Air filed a motion to amend the petition for judicial review, and on May 25, 1998, Ag Air filed a motion to amend the judgment of dismissal in order to seek a declaratory judgment that I.C. § 63–3622D violates the Equal Protection Clause of the United States Constitution. The district court granted Ag Air's motion and Ag Air filed an amended petition for judicial review on October 17, 1995.

On January 24, 1997, the Tax Commission filed a motion for summary judgment on the ground that: 1) there is no disparate treatment between aerial application of agricultural products and ground application of agricultural products under I.C. § 63–3622D; and

2) even if there is disparate treatment, there is a rational basis for such treatment that permits the statutory classification. On August 25, 1997, the district court granted summary judgment in favor of respondent Tax Commission. The district court, in granting the motion, held that the Idaho legislature rationally excluded all aircraft from receiving a tax exemption because aircraft are inherently capable of multiple uses, and that Ag Air's right to equal protection was not impermissibly abridged by the exclusion of aircraft from the use tax exemption. On that basis, the district court affirmed the decision of the Tax Commission. Ag Air appeals.

## II.

### ISSUES ON APPEAL

Appellant Ag Air presents the following issues on appeal:

1. Whether the district court erred in finding that I.C. § 63–3622D does not violate the equal protection provisions of the Idaho and United States Constitutions.

2. Whether the district court erred by applying the rational basis test rather than the intermediate "means-focus" test to appellant's equal protection challenge to I.C. § 63–3622D.

Respondent Tax Commission also raises the following issue:

3. Whether Ag Air's failure to timely comply with statutory jurisdictional requirements of I.C. § 63–3049 deprived the district court of jurisdiction to hear Ag Air's appeal.

## III.

### ANALYSIS

### A.   Standard Of Review.

■ The standard by which this Court reviews a summary judgment is the same standard used by the lower court in ruling on a motion for summary judgment. *See State*

---

1.   The three aircraft include: a 1981 Air Tractor, a 1973 Aero Commander, and a 1981 Ayres S2R.

2.   In its decision, the Tax Commission reduced the use tax proposed on one of the NODs based upon purchase price information provided by Ag Air.

*v. Rubbermaid Inc.*, 129 Idaho 353, 355–56, 924 P.2d 615, 617–18 (1996). On review, all disputed facts are to be liberally construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *See id.* at 356, 924 P.2d at 618. Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).

### B. Ag Air's Failure To Timely Comply With The Statutory Requirement Of Depositing 20% Of The Assessed Use Tax Prior To Appealing The Decision Of The Tax Commission Deprived The District Court Of Jurisdiction To Hear Ag Air's Appeal.

Section 63–3049(a) of the Idaho Code requires that an appeal from a state tax commission redetermination decision be filed within ninety-one days of receiving notice of the decision. Section 63–3049(b) requires that "[b]efore a taxpayer may seek review by the district court ..., the taxpayer shall secure the payment of the tax or deficiency as assessed by depositing cash with the tax commission in an amount equal to twenty percent (20%) of the tax, penalty and interest." I.C. § 63–3049(b) (1996). It is undisputed that Ag Air failed to make the required deposit until approximately twenty-six days after the ninety-one day period for filing an appeal had run.

Following a dismissal of Ag Air's appeal for failure to make the required deposit, Ag Air filed a motion to amend the judgment, arguing that the ninety-one day period in I.C. § 63–3049(a) applies only to an appeal of a tax commission *redetermination,* not to a declaratory judgment action attacking the constitutionality of I.C. § 63–3622D. *Cf. Montejano v. Rayner,* 33 F.Supp. 435 (E.D.Idaho 1939) (stating that a declaratory judgment action is the proper procedure to determine the constitutionality of a statute). Ag Air, pointing out that the Tax Commission does not have authority to review the constitutionality of tax statutes, *see Wanke v. Ziebarth Const. Co.,* 69 Idaho 64, 75, 202 P.2d 384, 391 (1949), argued that the limitations on review contained in I.C. § 63–3049 cannot be applied to Ag Air's declaratory judgment action since the constitutionality of I.C. § 63–3622D is not subject to administrative review under that section.

The district court granted Ag Air's motion to amend the judgment, permitting Ag Air to file an amended complaint seeking a declaratory judgment that the exclusion of its aircraft from the use tax production exemption in I.C. § 63–3622D violates the Equal Protection Clause of the United States Constitution. The district court reversed its decision to dismiss on two grounds: 1) Ag Air had moved to amend its complaint to seek a declaratory judgment, a cause of action over which the district court found it had jurisdiction under Chapter 12, Title 10 of the Idaho Code, and 2) by not permitting Ag Air to amend its complaint, Ag Air would have no recourse to seek judicial review of the constitutionality of I.C. § 63–3622D.

Respondent Tax Commission contends that the district court erred in allowing Ag Air to proceed arguing that Ag Air's failure to satisfy the statute's 20% deposit requirement prevents the district court from having jurisdiction to hear Ag Air's appeal of the Tax Commission's decision. In originally granting the Tax Commission's motion to dismiss, the district court relied on *Tarbox v. Tax Comm'n,* 107 Idaho 957, 695 P.2d 342 (1984). In *Tarbox,* where the appellant likewise had failed to post the required bond under I.C. § 63–3049(b), this Court stated that "[u]nder Idaho Code § 63–3049(b), [a district court] does not acquire jurisdiction over an appeal unless the taxpayer first pays the alleged deficiency...." *Id.* at 959, 695 P.2d at 344. Although the statute was subsequently amended to require only a 20% deposit, the legislature has not changed the provision that payment is a jurisdictional requirement.

In *Grand Canyon Dories v. State Tax Comm'n,* 121 Idaho 515, 826 P.2d 476 (1992), Grand Canyon Dories, Inc. appealed a Tax Commission decision to the Board of Tax Appeals (BTA) instead of the district court. The district court affirmed the BTA's dis-

missal for lack of jurisdiction but allowed the case to proceed as if the appeal had been filed with the district court in the first instance. In reversing the decision of the district court, this Court held that a court has no power to avoid a jurisdictional defect caused by a failure to file an appeal by extending the time for the filing. *See id.* at 516, 826 P.2d 477. Because a district court's jurisdiction is limited by the requirements of I.C. § 63–3049, we hold that the district court in this case did not have the power to extend the time within which Ag Air could make the required deposit under I.C. § 63–3049(b).

■ A declaratory judgment action may not be used to avoid the consequences of failing to comply with statutory procedural requirements. In *V–1 Oil Company v. County of Bannock,* 97 Idaho 807, 554 P.2d 1304 (1976), where a property taxpayer sought a declaratory judgment after failing to exhaust administrative remedies, this Court stated: "[a]ctions for declaratory judgment are not intended as a substitute for a statutory procedure and such administrative remedies must be exhausted." *Id.* at 810, 554 P.2d at 1307. This Court, in *Carter v. State, Dept. of Health & Welfare,* 103 Idaho 701, 652 P.2d 649 (1982), reaffirmed this holding by stating:

> In *V–1 Oil Company v. County of Bannock,* we held that the proper method of contesting an agency or judicial decision is by appeal, and that an order or judgment may not later be collaterally attacked by means of a declaratory judgment action. The appellants' collateral attack upon their orders of commitment by means of a declaratory judgment action is thus clearly impermissible.

*Id.* at 702, 652 P.2d at 650 (citation omitted); *see also Conley v. Looney,* 117 Idaho 627, 630, 790 P.2d 920, 923 (Ct.App.1990) (citing *Bills v. State Dept. of Revenue and Taxation,* 110 Idaho 113, 714 P.2d 82 (Ct.App. 1986)) (holding that, appellant, "[h]aving failed to exercise [administrative appeal] ... cannot now collaterally attack the tax deficiency determination in an independent action.").

■ Count I of Ag Air's amended complaint seeks review of the Tax Commission's redetermination decision on the ground that the exclusion of aircraft from the use tax exemption in I.C. § 63–3622D unlawfully discriminated against Ag Air in violation of the Fourteenth Amendment to the United States Constitution. Count II also asserted that enforcement of I.C. § 63–3622D violated the Fourteenth Amendment. Because both counts of Ag Air's amended complaint attack the decision of the Tax Commission on the same ground, permitting Ag Air to proceed under a declaratory judgment theory effectively allows Ag Air judicial review of the Tax Commission decision it originally sought without complying with the statutory jurisdictional requirements of I.C. § 63–3049.

Because a district court does not have power to extend the time for complying with the requirements for filing a complaint for review of a Tax Commission decision, we hold that the district court in this case did not have authority to permit Ag Air to overcome its failure to comply with I.C. § 63–3049(b) by filing a declaratory judgment action. Therefore, the decision of the Tax Commission is now final and no longer subject to appeal. Consequently, we need not address the merits of Ag Air's appeal. The judgment of the district court is affirmed, although on other grounds. *See Idaho Schools for Equal Educational Opportunity v. Evans,* 123 Idaho 573, 580, 850 P.2d 724, 731 (1993).

## IV.

### CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the Tax Commission. Costs on appeal are awarded to respondent.

Justices SCHROEDER and WALTERS, Justice Pro Tem JOHNSON, and Justice Pro Tem WOODLAND, concur.