3 P.3d 532

Hari Longfellow HEATH, Judith Faye Heath, Plaintiffs–Appellants,

v.

IDAHO STATE TAX COMMISSION, Coleen Grant, Duwayne Hammond, Michael Southcombe, Ann Barker, Don Anderson, Defendants–Respondents.

No. 25349.

Court of Appeals of Idaho.

May 22, 2000.

Hari Longfellow Heath; Judith Faye Heath, Santa, pro se appellants.

Hon. Alan G. Lance, Attorney General; Brian D. Nicholas, Deputy Attorney General, Boise, for respondent. Brian D. Nicholas argued.

LANSING, Judge.

Hari Longfellow Heath and Judith Faye Heath,[1] husband and wife, filed this action against the Idaho State Tax Commission after the Commission determined that the Heaths owed income taxes for 1995 and 1996. The district court dismissed the Heaths' complaint, holding that the Heaths had not satisfied procedural requirements for judicial review of the Tax Commission's decision. The Heaths appeal that dismissal.

## I.

## BACKGROUND

The Heaths operate logging and archery businesses in Santa, Idaho. They did not file

---

1. Both of the Heaths spell their names with a colon inserted between their middle and last names (i.e. Hari Longfellow: Heath and Judith Faye: Heath). For the purposes of this opinion, this Court will not include the colon.

tax returns or pay state income tax for 1995 or 1996. The Tax Discovery Bureau (the Bureau) of the Tax Commission conducted an investigation to determine whether the Heaths should have filed tax returns for the years in question. The Bureau estimated that the Heaths had earned $50,000 during both 1995 and 1996 and calculated the appropriate tax liability. A notice of tax deficiency (NOD) was issued which requested payment of taxes, penalties, and interest in the amount of $7,109.00. The Heaths timely protested the NOD, claiming that they resided in the "Republic of Idaho," and that the Tax Commission therefore lacked authority over them. The Heaths disclaimed United States citizenship and contended that this disclaimer vitiated their liability under Idaho law for the failure to file tax returns or pay taxes. The Heaths also challenged the Bureau's calculation of their estimated income. However, the Heaths specified that they did not want a hearing on the issues that they had raised, and they did not submit any evidence of their actual income or loss to refute the Bureau's income estimate. The Tax Commission, acting pursuant to its authority under I.C. § 63–3045B, upheld the decision of the Bureau on May 19, 1998. The Commission's decision was mailed to the Heaths, who received the decision on May 29, 1998.

On August 31, 1998, the Heaths filed a complaint for a declaratory judgment and injunctive relief, naming the Tax Commission, the four Tax Commissioners in their individual capacities, and a Commission employee as defendants. In their complaint, the Heaths alleged that the Tax Commission had not promulgated any administrative rule that empowered the Commission to determine taxes owed or to assess tax liability. The Heaths also alleged that the basis for the tax assessment was fraudulent.

The defendants filed a motion to dismiss the Heaths' complaint on the ground that the Heaths had not complied with the jurisdictional requirements of Idaho Code § 63–3049 for judicial review of Commission decisions. The trial court agreed and dismissed the action on the grounds that the Heaths' complaint was untimely and that they had not remitted the deposit required by I.C. § 63–3049.

In this appeal, the Heaths contend that the district court incorrectly held that their action was controlled by I.C. § 63–3049, which governs appeals from Tax Commission decisions and not declaratory judgment actions against the Commission. The Heaths also argue that the deposit requirement of § 63–3049 violates Article I, § 18 of the Idaho Constitution.

## II.

## ANALYSIS

The State's motion to dismiss the Heaths' complaint for lack of jurisdiction was supported by an affidavit bringing to the district court's attention matters outside the pleadings. Therefore, the motion is subject to review in the manner of a motion for summary judgment. *See Masi v. Seale,* 106 Idaho 561, 562, 682 P.2d 102, 103 (1984); *Hellickson v. Jenkins,* 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct.App.1990). Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Neither party contends that there are factual issues pertinent to this appeal. Therefore, we are presented only with issues of law over which we exercise free review. *Turpen v. Granieri,* 133 Idaho 244, 245, 985 P.2d 669, 672 (1999); *Ramerth v. Hart,* 133 Idaho 194, 196, 983 P.2d 848, 850 (1999).

Idaho Code § 63–3049(a) [2] specifies that a complaint seeking judicial review of a Tax

---

2. In pertinent part, I.C. § 63-3049 provides:
   **Judicial Review.** – (a) Redetermination by the state tax commission may be reviewed in the district court for Ada county or the county in which the taxpayer resides or has his principal office or place of business by a complaint filed by the taxpayer against the state tax commis-

   sion within ninety-one (91) days after the receipt of notice of the decision of the state tax commission denying, in whole or in part, any protest of the taxpayer or, within the same period, by filing an appeal with the board of tax appeals.....

Commission determination of tax liability must be filed within ninety-one days after the taxpayer received notice of the Commission's decision. Section 63–3049(b) requires the payment of a security deposit equal to twenty percent (20%) of the challenged tax, penalty, and interest as a precondition to judicial review of the Commission's tax determination.[3] In this case, the Heaths acknowledge that their complaint was filed after the ninety-one day period had run and that they did not deposit the security required by I.C. § 63–3049(b) at any point during the pendency of this case. The Heaths contend, however, that their complaint requesting a declaratory judgment and injunctive relief falls outside of the reach of § 63–3049.

The Idaho Supreme Court recently rejected a similar claim. In *Ag Air, Inc. v. State Tax Comm'n*, 132 Idaho 345, 972 P.2d 313 (1999), the Tax Commission had found that Ag Air owed back taxes. Ag Air challenged the Tax Commission decision, but the company's petition for judicial review was filed without the twenty percent statutory deposit. Consequently, the petition was dismissed by the district court. Ag Air then sought to amend its petition to request a declaratory judgment that the section of the tax code being enforced against the company was unconstitutional. The district court thereupon vacated its decision to dismiss and allowed Ag Air to amend its complaint to include the request for a declaratory judgment. On appeal from the final judgment in the case the Idaho Supreme Court held that the district court had erred in allowing Ag Air to pursue the declaratory judgment action without having timely complied with the deposit requirement of § 63–3049. The Supreme Court held that the requirements of I.C. § 63–3049 limited the jurisdiction of the district court, and hence the district court was without power to extend the time limit for Ag Air to make the deposit. *Id.* at 348, 972 P.2d at

316. The Court stated, "A declaratory judgment action may not be used to avoid the consequences of failing to comply with statutory procedural requirements." *Id.* That decision is in accordance with *Grand Canyon Dories v. State Tax Comm'n*, 121 Idaho 515, 826 P.2d 476 (1992), where the Supreme Court held that a district court has no jurisdiction to extend the § 63–3049 time period for filing a petition for judicial review of a Commission decision. *See also Carter v. Department of Health & Welfare*, 103 Idaho 701, 652 P.2d 649 (1982) (affirming the dismissal of a declaratory judgment action when the appellants had failed to appeal a judgment on the same issue); *V–1 Oil Co. v. County of Bannock*, 97 Idaho 807, 554 P.2d 1304 (1976) (holding that an agency or judicial decision may not be collaterally attacked through a declaratory judgment action because the proper approach is utilizing the appellate process); *Conley v. Looney*, 117 Idaho 627, 790 P.2d 920 (Ct.App.1989) (holding that taxpayer could not avoid requirements of § 63–3049 by characterizing as a tort claim his action challenging the constitutionality of tax collection statutes).

■ Accordingly, we conclude that the district court correctly dismissed the Heaths' declaratory judgment action because the action was time barred under I.C. § 63–3049(a). It does not matter whether the Heaths' pleading is labeled a petition for judicial review or a complaint for a declaratory judgment, nor whether it is characterized as a direct attack or a collateral attack upon the Tax Commission's decision. The action, however titled or characterized, is in substance a request for judicial relief from the Tax Commission's decision determining the Heaths' tax liability. As such, it is governed by the procedural requirements of I.C. § 63–3049. Because the time limitation of that

(b) Before a taxpayer may seek review by the district court or the board of tax appeals, the taxpayer shall secure the payment of the tax or deficiency as assessed by depositing cash with the tax commission in an amount equal to twenty percent (20%) of the tax, penalty and interest. In lieu of the cash deposit, the taxpayer may deposit any other type of security acceptable to the tax commission.

. . . .

**3.** At oral argument, counsel for the Tax Commission represented that the Heaths were informed of these procedural requirements for judicial review through a written notice that was sent with the Commission's May 19 decision.

statute was not satisfied, the district court was without jurisdiction to hear the case.

In view of our determination that their action is time-barred, we need not address the Heaths' argument that the § 63–3049(b) requirement of a twenty percent deposit violates the Idaho Constitution.

The Commission requests an award of attorney fees on appeal on the ground that the appeal was brought "frivolously, unreasonably or without foundation." Idaho Code § 63–3049(d) provides that a court hearing a challenge to a Tax Commission decision may, in its discretion, award attorney fees to the prevailing party if it appears to the court that the position of the nonprevailing party in the proceeding is frivolous or groundless. Although the Heaths' position on this appeal has been found to be without merit, in the exercise of our discretion we decline to award attorney fees.

The order of the district court dismissing this action is affirmed. Costs on appeal are awarded to respondent Idaho State Tax Commission pursuant to Idaho Appellate Rule 40.

Chief Judge PERRY and Judge SCHWARTZMAN concur.