IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 32776

| | |
|---|---|
| IDAHO STATE TAX COMMISSION, ) | |
| ) | |
| Plaintiff-Respondent, ) | Boise, January 2007 Term |
| ) | |
| v. ) | 2007 Opinion No. 31 |
| ) | |
| I R TRUCKING TRUST, RICHARD A. ) | Filed: February 21, 2007 |
| HENDERSON & IVA J. HENDERSON, ) | |
| ) | Stephen W. Kenyon, Clerk |
| Defendants-Appellants. ) | |
| ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Adams County. Honorable Stephen W. Drescher, District Judge.

District court decision, affirmed.

Iva J. Henderson, New Meadows; Richard A. Henderson, Pollock, pro se appellants. Iva J. Henderson and Richard A. Henderson argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kathleen Marie McRoberts, Deputy Attorney General argued.

---

BURDICK, Justice

Appellants Richard and Iva Henderson and IR Trucking Trust appeal a district court judgment authorizing the Idaho State Tax Commission to sell certain vehicles titled in the name of IR Trucking Trust and apply the proceeds to the tax debts of Iva J. Henderson and Richard A. Henderson. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Richard and Iva Henderson (the Hendersons) failed to file Idaho income tax returns for the years 1997 through 2001. Richard Henderson also failed to file a return for 1996. In 1997 the Hendersons established a "pure trust" called IR Trucking Trust (IR Trucking). Iva is named as one of the three trustees for IR Trucking and acts as its administrator. The two vehicles at issue, a 1974 Peterbuilt truck and a 1974 Steelcraft trailer, were titled in the name of IR Trucking.

1

In 2001 the Idaho State Tax Commission (the Commission) sent a deficiency notice to Richard Henderson, and in 2003 it sent deficiency notices to Richard and Iva Henderson and to IR Trucking Trust. The Hendersons filed letters with the Commission, which it treated as a petition for redetermination. The Commission then issued decisions upholding the notices of deficiency and determining that IR Trucking was not a legitimate trust for tax purposes. On March 18, 2005, after the Hendersons failed to appeal these decisions, the Commission sent the Hendersons' case to collections. The Hendersons were sent several Notice and Demand letters and were also sent notices of pending liens. Finally, on June 20, 2005, the Commission issued warrants for the collection of tax, penalty and interest to the Hendersons.

On July 21, 2005, the 1974 Peterbuilt Truck and 1974 Steelcraft trailer were seized by the Commission pursuant to the earlier issued warrants. The Commission then filed a Verified Complaint seeking, *inter alia,* a temporary restraining order and an order allowing the Commission to sell the truck and trailer and apply the proceeds to the Hendersons' tax liability. The Hendersons filed an answer and a motion for summary judgment.

On November 4, 2005, the district court issued an order granting the Commission a temporary restraining order and denying the Hendersons' motion for summary judgment. Then on February 6, 2006, the district court granted the Commission's motion for summary judgment allowing it to sell the vehicles and apply the proceeds to the Hendersons' tax debt. The Hendersons filed a timely appeal.

## II. ANALYSIS

The Hendersons spend the entirety of their briefs arguing that the actions of the Commission were unlawful. They maintain that IR Trucking is a valid and lawful trust under the laws of this state and that the Commission cannot take the property of IR Trucking to satisfy their personal tax liability. To do so, they argue, would violate the constitutional prohibition against impairing contract obligations as well as violate their due process rights and constitute a taking under both the state and federal constitutions.

These arguments were raised below in opposition to the Commission's motion for summary judgment. The district court, however, did not reach the substance of the Hendersons' arguments. Instead, it determined that the Hendersons had failed to timely seek judicial review of the Commission's decision. As such, the trial court reasoned, the Hendersons could not seek to have the determinations reviewed in the instant proceeding and refused to consider their

2

arguments surrounding the "pure trust." The court then granted the Commission's motion for summary judgment.

When reviewing a motion for summary judgment, this Court uses the same standard employed by the trial court when deciding such a motion. *Ag Air, Inc. v. Idaho State Tax Comm'n*, 132 Idaho 345, 346, 972 P.2d 313, 314 (1999). "[I]f the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" summary judgment is proper. I.R.C.P. 56(c). This Court views the facts and inferences in the record in favor of the non-moving party. *Ag Air, Inc.*, 132 Idaho at 347, 972 P.2d at 315.

The Hendersons' arguments are not properly before this Court. In *Ag Air, Inc.,* this Court noted that "the proper method of contesting an agency or judicial decision is by appeal, and that an order or judgment may not later be collaterally attacked by means of a declaratory judgment action." 132 Idaho at 348, 972 P.2d at 316 (quoting *Carter v. State, Dep't of Health & Welfare*, 103 Idaho 701, 702, 652 P.2d 649, 650 (1982)). Likewise, the Idaho Court of Appeals has held that a taxpayer cannot collaterally attack a tax deficiency determination in an independent action. *Conley v. Looney*, 117 Idaho 627, 630, 790 P.2d 920, 923 (Ct. App. 1989).

Here, the substance of the Hendersons argument both below and on appeal is an attack on the Commission's deficiency determination. Idaho Code § 63-3049 specifies that a complaint seeking review of a tax liability determination by the Commission must be filed within ninety-one days after the taxpayer received notice of the Commission's decision. The Commission issued three separate decisions regarding Richard and Iva Henderson's tax deficiencies, two of which determined that the state of Idaho did not recognize "pure trusts" such as IR Trucking. The Hendersons failed to file a complaint seeking review of these determinations, yet they now seek to have the Commission's determination that IR Trucking is not a valid trust for tax purposes reviewed by this Court. Such a request is a collateral attack, regardless of whether it comes in the form of a declaratory judgment or as a defense to complaint for the sale and possession of personal property in satisfaction of tax debts. *See Ag Air, Inc*., 132 Idaho at 348, 972 P.2d at 316 (citing *Conley*, 117 Idaho at 630, 790 P.2d at 923).

Therefore, because the Hendersons improperly seek to collaterally attack the Commission's determination regarding their tax liability, we affirm the district court's order granting summary judgment to the Commission.

### III. CONCLUSION

We affirm the decision of the district court because it correctly perceived the Hendersons' arguments as an impermissible collateral attack on the Commissions' deficiency determination. Costs to Respondents.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES, **CONCUR.**