**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40007**

| | | |
|---|---|---|
| JAMES W. STIVERS and KAYLYNN A. STIVERS, | ) | 2013 Unpublished Opinion No. 471 |
| | ) | |
| | ) | Filed: April 30, 2013 |
| Plaintiffs-Appellants, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| IDAHO STATE TAX COMMISSION, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. Jeff M. Brudie, District Judge.

District court's order dismissing petition for judicial review of decision of the Board of Tax Appeals, affirmed.

James W. Stivers and Kaylynn A. Stivers, DeSmet, pro se appellants.

Hon. Lawrence G. Wasden, Attorney General; Phil N. Skinner, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

James W. Stivers and Kaylynn A. Stivers appeal from the dismissal of their petition for judicial review of the decision of the Board of Tax Appeals (BTA). For the reasons set forth below, we affirm.

**I.**

**BACKGROUND**

On December 15, 2009, the Idaho State Tax Commission ("Commission") issued a notice of deficiency determination to the Stivers, asserting a combined income tax deficiency in the amount of $16,329 for the taxable years 2001-2003 and 2006-2008. The Stivers filed a protest to

1

the notice of deficiency determination.[1] On January 18, 2011, the Commission entered a final decision and redetermination of tax deficiency, determining that the Stivers had not filed state income tax returns for taxable years 2001-2003 and 2006-2008, and demanding payment of past-due taxes, penalties, and interest in the amount of $16,915.

The Stivers, acting pro se, appealed the redetermination to the BTA on April 11. In their appeal, they indicated that they were financially unable to provide a cash security deposit in the amount of 20 percent of the asserted deficiency prior to their appeal as required by Idaho Code section 63-3049, and they appeared to offer their home as security or, alternatively, to request a waiver of the security requirement. In a letter to the BTA dated April 18, 2011, the Stivers asserted that they were unable to provide the security because they were unemployed and had been unable to obtain a home equity loan. On May 2, the Stivers mailed a $500 "good faith" check to the Commission and, in a letter to the BTA dated May 9, stated, "We have not requested a waiver of the security bond, but rather have petitioned that our only asset of value be accepted in lieu of the cas[h] bond." The BTA dismissed the Stivers' appeal on May 24 due to their failure to provide the requisite security deposit, and denied a motion to reconsider on June 22.

On July 18, the Stivers filed a pro se petition for judicial review[2] in the district court. The district court dismissed the petition due to the Stivers' failure to post the requisite security deposit. The Stivers appeal, and appear to challenge the constitutionality of section 63-3049.

---

[1] Following a protest, the taxpayer has the right to a hearing to discuss the deficiency determination and present evidence before a redetermination of tax deficiency is made. I.C. § 63-3045(2). The record does not disclose whether the Stivers requested a hearing or whether a hearing was held.

[2] The Stivers framed their pleading as a "Complaint" naming the Idaho State Tax Commission, not the Board of Tax Appeals, as the defendant or respondent. Idaho law authorizes a taxpayer to seek review of a Tax Commission decision on a tax protest by either filing an appeal with the Board of Tax Appeals or petitioning for judicial review within ninety-one days after receipt of the notice of the Tax Commission's decision. I.C. § 63-3049(a). If the taxpayer chose to pursue an appeal to the BTA, an adverse decision by that party may be challenged by a petition for judicial review of the BTA decision. I.C. § 63-3812. Here, the Stivers initially elected to appeal to the BTA, and only after an adverse decision by that body did they file a complaint with the district court. The filing in the district court was not within the ninety-one-day period for a petition for judicial review of the Tax Commission's decision.

## ANALYSIS

A taxpayer may seek review of the redetermination of a tax deficiency either by the district court or by the BTA within ninety-one days from notice of the decision of the State Tax Commission. I.C. § 63-3049(a); *Ambrose v. Idaho State Tax Comm'n*, 139 Idaho 741, 743, 86 P.3d 455, 457 (2004). To pursue either avenue, Idaho Code section 63-3049(b) requires that the taxpayer first post security. That statute provides:

> Before a taxpayer may seek review by the district court or the board of tax appeals, the taxpayer shall secure the payment of the tax or deficiency as assessed by depositing cash with the tax commission in an amount equal to twenty percent (20%) of the amount asserted. In lieu of the cash deposit, the taxpayer may deposit any other type of security acceptable to the tax commission.

Pursuant to the authority granted in the last sentence of that statute, the Commission adopted IDAPA 35.02.01.600.01, which specifies that acceptable security includes cash, bonds executed by a surety company, bearer bonds, automatically renewable time certificates of deposit, investment certificates, or irrevocable letters of credit.[3] "Other security may be accepted by the

---

Therefore, we treat their complaint filed in the district court as a petition for judicial review of the BTA's order dismissing the Stivers' appeal.

[3] **01. Acceptable Security**. For purposes of obtaining judicial review, the taxpayer must submit one (1) of the following securities: (3-20-97)

    **a.** Cash in the form of a cashier's check, money order, or other certified funds that are payable to the Tax Commission. (3-20-97)

    **b.** A bond executed by a surety company licensed and authorized to do business in Idaho, conditioned on the payment of any tax, penalty, and interest that may be found due by the court. (3-20-97)

    **c.** Bearer bonds or other similar obligations of the United States having a market value not less than twenty percent (20%) of the amount asserted. (4-11-06)

    **d.** Automatically renewable time certificates of deposit, not exceeding the federally insured amount, issued by a bank doing business in Idaho and insured by the Federal Deposit Insurance Corporation. They must be made in the name of the depositor, payable to the Tax Commission, and contain a provision that interest earned shall be payable to the depositor. (3-20-97)

    **e.** Investment certificates or share accounts, not exceeding the federally insured amount, issued by a savings and loan association doing business in Idaho and insured by the Federal Savings and Loan Insurance Corporation. Evidence of

Tax Commission to secure a taxpayer's right of appeal if the Tax Commission has previously agreed in writing to accept the other security in lieu of a cash payment." IDAPA 35.02.01.600.02. It is well established that timely payment of the required deposit is jurisdictional, and thus, that neither the BTA nor the district court may review the redetermination of a tax deficiency determination made by the Tax Commission absent the timely payment of the deposit. *Ambrose*, 139 Idaho at 743, 86 P.3d at 457; *Ag Air, Inc. v. Idaho State Tax Comm'n*, 132 Idaho 345, 347, 972 P.2d 313, 315 (1999); *Tarbox v. Tax Comm'n*, 107 Idaho 957, 959, 695 P.2d 342, 344 (1984). *See also Heath v. Idaho State Tax Comm'n*, 134 Idaho 407, 409, 3 P.3d 532, 534 (Ct. App. 2000). Neither the BTA nor the district court is authorized to waive the security requirement.

The Stivers elected to seek review of the redetermination by the BTA, and then sought judicial review of the BTA's decision in the district court.[4] *See* I.C. § 63-3812(a); I.R.C.P. 84. Before seeking review by the BTA, the Stivers were required to deposit cash or other acceptable security with the Tax Commission totaling $3,383. The Stivers sought, but did not obtain,

---

the insured account, either certificate or passbook, must be delivered to the Tax Commission, along with a properly executed assignment form whereby the funds on deposit are assigned and made payable to the Tax Commission. (3-20-97)

**f.** Irrevocable letters of credit not exceeding the federally insured amount, issued by a bank doing business in Idaho and insured by the Federal Deposit Insurance Corporation, made to the benefit of the Tax Commission. The terms of the letter of credit must permit the Tax Commission to make demand directly against the issuer of the letter of credit for not less than twenty percent (20%) of the amount asserted, on which the taxpayer's rights to appeal have expired, and for which the letter of credit was submitted to secure. (4-11-06).

[4] To the extent that the Stivers now assert that they were not seeking judicial review of the agency decision but were, and are, seeking a trial de novo, we note that such collateral attacks are impermissible; the only proper approach is to utilize the judicial and appellate review processes. *See Idaho State Tax Comm'n v. I R Trucking Trust*, 144 Idaho 20, 22, 156 P.3d 521, 523 (2007) (holding taxpayer could not collaterally attack deficiency determination); *Ag Air, Inc.*, 132 Idaho at 348, 972 P.2d at 316 ("A declaratory judgment action may not be used to avoid the consequences of failing to comply with [I.C. § 63-3049]."); *Heath*, 134 Idaho at 409-10, 3 P.3d at 534-35 (holding taxpayer could not collaterally attack determination of tax liability); *Conley v. Looney*, 117 Idaho 627, 630, 790 P.2d 920, 923 (Ct. App. 1989) (holding taxpayer could not collaterally attack constitutionality of tax obligations through independent tort action).

permission to post their home as security in lieu of the cash deposit. The $500 check submitted by the Stivers on May 2 was both insufficient and untimely--it was submitted three weeks after the Stivers filed their appeal and well after the ninety-one-day appeal period had expired. Thus, the Stivers did not satisfy the requirements of section 63-3049(a).

On appeal, they argue that given their financial circumstances, their home should have been accepted in satisfaction of the security deposit requirement. The Stivers argue that the Commission did not have statutory authority to reject their offer of a property bond or, if such authority was conferred by the Idaho Legislature, the authorization violated the Idaho Constitution by denying the Stivers access to the courts and discriminating against low-income taxpayers who cannot afford the requisite bond.

The Stivers' first contention, that the Commission lacked statutory authority to reject their offer of a property bond is without merit. Idaho Code section 63-3049(b), by authorizing in lieu of a cash deposit "any other type of security acceptable to the tax commission," plainly conferred upon the Tax Commission discretion to determine what types of security, other than cash, will be allowed.

As to the Stivers' constitutional challenges, which might fairly be characterized as due process or equal protection challenges, nearly identical claims were addressed in *Tarbox*, 107 Idaho at 959, 695 P.2d at 344. There, the taxpayers filed a property bond in an attempt to satisfy the security deposit requirement because they did not have sufficient cash and were unable to qualify for a surety bond, but their property bond was not accepted. *Id.* On appeal, the taxpayers asserted the surety bond requirement violated their constitutional rights to equal protection and due process of law. *Id.* The Supreme Court determined that "the jurisdictional requirements of I.C. § 63-3049(b) present no violation of either the Idaho or United States Constitutions." *Id.* at 960, 695 P.2d at 345. The Supreme Court explained:

> Taxes are the means by which government raises revenue for the health, education, safety and general welfare of its citizens. . . . It is . . . essential to the honor and orderly conduct of government that when a bond is accepted in lieu of payment of the deficiency assessment itself, that it be of a nature so reliable that the government will be able to collect on it without delay and without competition from other creditors, in the event that taxpayer is found liable for the deficiency assessment.
>
> . . . .
>
> Although the[] jurisdictional provisions [of I.C. § 63-3049] may seem harsh, it is an established rule that "the government has the right to prescribe the

conditions on which it will subject itself to the judgment of the courts in the collection of its revenues." *Cheatham v. United States*, [92 U.S. 85, 89 (1875)]. Implicit in this concept is the fact that appellate review is not a constitutional entitlement; rather it is a purely statutory right, the exercise of which is conditioned upon the manner prescribed by statute. Therefore, it is not required by due process.

. . . .

Though the prerequisites to institution of an appeal are demanding, they are reasonable in light of the function served by taxes in our society.[5]

*Id.* at 960-61, 695 P.2d at 345-46. Thus, Stivers' arguments that the security deposit requirement is unconstitutional are without support in Idaho law.

The Stivers attempt to distinguish the Supreme Court's equal protection analysis in *Tarbox* on the basis that the taxpayers in that case made no claim of indigency. They suggest that the security deposit requirement of Idaho Code section 63-3049(b) may be so costly as to deny the equal protection guarantees of the United States or Idaho Constitutions to indigent taxpayers seeking to challenge a tax deficiency determination. Similar claims made under the Equal Protection Clause of the United States Constitution have been rejected by the United States Supreme Court. *See M.L.B. v. S.L.J.*, 519 U.S. 102, 103 (1996) (holding "constitutional requirement to waive court fees in civil cases is the exception, not the general rule"). *See also United States v. Kras*, 409 U.S. 434, 446 (1973) (waiver of fee requirement as condition precedent to discharge in bankruptcy not constitutionally required); *Ortwein v. Schwab*, 410 U.S. 656, 660 (1973) (requirement of appellate fee for judicial review of reduction of welfare payments did not violate due process or equal protection guarantees).

Even if we were to assume that the statutes and regulations that set forth the acceptable forms of security effectively treat wealthy taxpayers differently than indigent taxpayers, such treatment would be subject to rational basis review. *Kadrmas v. Dickinson Pub. Sch.*, 487 U.S.

---

5 We note that the harshness of the jurisdictional requirements have been considerably alleviated since the *Tarbox* decision. Taxpayers were previously required to pay the alleged deficiency in full, or file a surety bond in double the amount thereof, before seeking review of the deficiency determination. I.C. § 63-3049(b) (1984); *Tarbox*, 107 Idaho at 959, 695 P.2d at 344. The statute in effect at the time the Stivers sought review of the deficiency determination required a security deposit in the amount of 20 percent of the alleged deficiency, and numerous forms of security other than cash were permitted. *See* I.C. § 63-3049(b); IDAPA 35.02.01.600.01.

450, 458 (1988) ("We have previously rejected the suggestion that statutes having different effects on the wealthy and the poor should on that account alone be subjected to strict equal protection scrutiny."); *Saharoff v. Stone*, 638 F.2d 90, 92 (9th Cir. 1980) ("The double bond requirement [for review of an order of the Commodity Futures Trading Commission] treats those financially unable to obtain the bond differently from those able to do so. Classifications based on wealth are valid if there is a rational basis to support them."). Under the rational basis test, a classification that treats different classes of people differently will be upheld if the classification is rationally related to a legitimate governmental purpose. *In re Jerome County Bd. of Comm'rs*, 153 Idaho 298, 315, 281 P.3d 1076, 1093 (2012); *Tarbox*, 107 Idaho at 960, 695 P.2d at 345. The Commission's decision to accept security that is "of a nature so reliable that the government will be able to collect on it without delay and without competition from other creditors" is certainly a legitimate governmental purpose and is rationally related to the governmental objective of securing the payment of taxes while simultaneously allowing for appellate and judicial review processes. *Tarbox*, 107 Idaho at 960, 695 P.2d at 345. Therefore, the Commission's decision not to accept the Stivers' home as security does not violate equal protection principles.

The Stivers have presented articulate arguments that the security requirement operates unfairly against taxpayers who are without financial resources and who may have legitimate bases to challenge a tax deficiency determination. However, these arguments do not demonstrate a constitutional infirmity. Rather, these are, in substance, policy arguments that are best directed to the Idaho Legislature.

Because the Stivers did not provide the required security deposit, they were not entitled to appeal the redetermination of their tax deficiency to the BTA. Accordingly, the order dismissing the Stivers' petition for judicial review of the BTA decision is affirmed. No costs awarded.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**