773 P.2d 290

**Arlo R. KENT, Plaintiff–Appellant,**

v.

**Richard A. PENCE, Clerk of the District Court and Kay Ellen Baxter, Twin Falls County Prosecutor, Defendants–Respondents.**

No. 17112.

Court of Appeals of Idaho.

May 4, 1989.

Arlo R. Kent, Twin Falls, pro se.

Richard S. Christensen, Penland & Munther, Boise, for defendants-respondents.

BURNETT, Judge.

This is an appeal from a judgment awarding attorney fees in a tort claim action. We reverse.

Arlo Kent sued Richard Pence, clerk of the district court, and Kay Ellen Baxter, prosecuting attorney, of Twin Falls County. Kent alleged that the county clerk had committed or allowed numerous violations of Idaho election laws, and that the county prosecutor had wrongfully refused to force the clerk to comply with the laws. However, Kent did not seek any court order compelling the county officers to perform their respective duties. Rather, he sought an award of $53,000 in "damages." The district court characterized the suit as an action within the purview of the Idaho Tort Claims Act. The court dismissed the action because Kent had not filed a notice of tort claim as required by I.C. § 6–906. The court awarded attorney fees to the county officers.

In this appeal, Kent has not challenged the dismissal of the action; neither have the county officers questioned the disposition of the action under the Idaho Tort Claims Act. The sole issue, raised by Kent, is whether the award of attorney fees was proper. For reasons which we now explain, we hold that it was not.

Because Kent's action was deemed to fall within the purview of the Idaho Tort Claims Act, and was dismissed upon a ground unique to that Act, our attention is directed to the attorney fee section of the Act, I.C. § 6–918A. The statute provides in pertinent part as follows:

At the time and in the manner provided for fixing costs in civil actions, and at the discretion of the trial court, appropriate and reasonable attorney fees may be awarded to the claimant, the governmental entity or the employee of such governmental entity, as costs, in actions under this act, upon petition therefor and a showing, by clear and convincing evidence, that *the party against whom or*

*which such award is sought was guilty of bad faith* in the commencement, conduct, maintenance or defense of the action.... The right to recover attorney fees in legal actions for money damages that come within the purview of this act *shall be governed exclusively by the provisions of this act and not by any other statute or rule of court,* except as may be hereafter expressly and specifically provided or authorized by duly enacted statute of the state of Idaho. [Emphasis added.]

This statute conveys two clear messages of importance to the present case. First, it provides that no award of attorney fees may be made unless "the party against whom ... such award is sought was guilty of bad faith...." Here, the district judge explicitly addressed this requirement and stated, "I cannot find that [Kent] brought this action in bad faith...." This was not an isolated statement by the judge; it was consistent with the entire tenor of his expression of views on the case. Accordingly, we deem it clear that the attorney fee awards against Kent could not be upheld under I.C. § 6–918A.

Having recognized the strictures of I.C. § 6–918A, the district judge cited I.C. § 12–121 in making the awards. The judge noted that although Kent's action had not been brought in bad faith, it was—in the judge's opinion—"without legal basis." With this language the judge apparently endeavored to invoke I.R.C.P. 54(e)(1), which states that an attorney fee award may be made under I.C. § 12–121 if an action has been brought "frivolously, unreasonably, or without foundation."

However, the judge's resort to I.C. § 12–121 ran afoul of the second clear message derived from I.C. § 6–918A. The message is that any right to recover attorney fees in an action for money damages under the Idaho Tort Claims Act is governed "exclusively" by I.C. § 6–918A. It is not subject to "any other statute or rule of court, except as may be hereafter expressly and specifically provided or authorized by duly enacted statute of the state of Idaho." Idaho Code § 12–121 contains no express and specific language providing an exception to the exclusive scope of I.C. § 6–918A. Therefore, I.C. § 12–121 yields to I.C. § 6–918A in tort claim cases. *See Packard v. Joint School District No. 171,* 104 Idaho 604, 661 P.2d 770 (Ct.App.1983). The attorney fee awards in this case cannot be upheld under I.C. § 12–121.

The county officers have urged us to uphold the awards alternatively upon I.C. § 34–2020 (which authorizes awards of "costs" in certain election contests) and I.C. § 6–610 (which authorizes awards of costs and attorney fees in certain actions against public officers engaged in law enforcement). We have been cited no cases holding that the term "costs" as used in I.C. § 34–2020 includes attorney fees. But in any event, we think these statutes, like I.C. § 12–121, have been displaced in tort claim actions by the clear language of I.C. § 6–918A. Concededly, these statutes have a more specific subject matter focus than I.C. § 12–121; but both of them antedate I.C. § 6–918A and neither of them has ever contained express and specific language establishing an exception to the exclusive scope of I.C. § 6–918A. We hold that the fee awards in this case cannot be upheld upon these statutes.

Finally, the county officers urge us to consider I.R.C.P. 11(a)(1). This rule authorizes sanctions (including attorney fees) for pleadings which are not "well grounded in fact," which are not "warranted by existing law or a good faith argument for the extension, modification or reversal of existing law," or which are "interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." In our view, Rule 11(a)(1) is not a broad compensatory law. It is a court management tool. The power to impose sanctions under this rule is exercised narrowly, focusing on discrete pleading abuses or other types of litigative misconduct within the overall course of a lawsuit. So understood, it is not the type of "rule of court" the Legislature intended to displace with I.C. § 6–918A.

In the case before us, no management use of the rule has been urged. Rather, the county officers would have us hold that the rule provides authority for making a lump-sum compensatory attorney fee award after the case has been decided. If the rule were so applied, there would be little difference between the rule and I.C. § 12–121, which already authorizes a fee award in any civil case brought frivolously, unreasonably or without foundation. We do not think the rule should be so applied in this case, nor do we think it could be without contravening the clear language of I.C. § 6–918A.

We conclude that the judgment awarding attorney fees to the county officers in this case must be reversed. Costs to appellant, Kent. No attorney fees on appeal.

WALTERS, C.J., and McQUADE, J. Pro Tem., concur.