798 P.2d 452

**Larry BANKS, Plaintiff–Appellant,**

v.

**The UNIVERSITY OF IDAHO; The Idaho State Board of Education; and John Does I—X, Defendants–Respondents.**

No. 18481.

Supreme Court of Idaho.

Sept. 26, 1990.

Jenkins Law Office, Idaho Falls, for plaintiff-appellant. Robert K. Beck, argued.

Thomsen & Stephens, Idaho Falls, for defendants-respondents. Stephen H. Telford, argued.

PER CURIAM:

Larry Banks appeals from the district court's decision granting a summary judgment to the University of Idaho and the Idaho State Board of Education, based on the court's conclusion that Banks failed to comply with the notice provisions of the Idaho Tort Claims Act (ITCA), Idaho Code § 6–906A. We affirm.

On approximately April 27, 1980, Larry Banks was attending a swim meet at the University of Idaho in Moscow, Idaho. Banks was eleven years old at the time. While at the University, he and two other friends entered an auxiliary gym to play basketball. Banks saw a basketball on a catwalk above the gym floor and climbed up a ladder to retrieve it. Once on the catwalk, he saw a door at the end, opened it, and, believing it opened into a dark room, stepped in and fell 60 feet to the floor below. Banks received severe injuries from the fall and is now a diabetic and dependent on insulin.

While in the hospital, Banks contends that his mother received two phone calls from a person allegedly representing the University, who requested Mrs. Banks to sign some papers. She refused, claiming she was not ready to sign any papers while her son was still in intensive care. During the second phone call, the University representative allegedly made four threats:

1. if Mrs. Banks pursued a lawsuit against the University, the cost of insurance and tuition would rise;

2. hiring an attorney to pursue a lawsuit would be costly and futile;

3. since Banks was a trespasser, the University could sue him, causing the family more financial and emotional stress;

4. the University could prosecute Banks for criminal trespass.

Because of these alleged threats, Banks claims that his mother was under the influence of fraud, duress and undue influence and believed she should not consult an attorney regarding the accident. Banks claims that this fraud, duress and undue influence continued while he lived at home as a minor with his parents and even after he became an adult, up to the time he filed this action. Banks turned eighteen on October 31, 1986, and filed this suit on April 25, 1988, eight years after the accident occurred, and eighteen months after he became an adult.

In response to Banks' complaint, the University filed an answer asserting that Banks had failed to comply with the requirements of the ITCA. The University then filed a motion for summary judgment, supported by an affidavit from the Secretary of State, which stated that Banks had never filed a tort claim with the Secretary of State's office.

On November 3, 1989, the district court granted the University's summary judgment motion and dismissed Banks' claim with prejudice, based on Banks' failure to file a tort claim as required by the ITCA. We affirm the district court.

I.C. § 6–906A prescribes the time within which a minor shall be required to present and file a claim against a governmental entity or its employee under this act.[1] I.C. § 6–908 provides, "No claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act." This Court has held that the filing of a notice of claim as required by the Act is "a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate." *McQuillen v. City of Ammon*, 113 Idaho 719, 722, 747 P.2d 741, 744 (1987).

The record in this case indicates that there has never been a notice of tort claim filed as required by the Act, much less one filed within the time limits required by I.C. § 6–906A. Accordingly, the district court did not err in granting summary judgment in this case.

Affirmed, costs to respondent. No attorney fees allowed.

---

1. **6–906A. Time for filing claims by minors.—** No person who is a minor shall be required to present and file a claim against a governmental entity or its employee under this act [this section] until one hundred twenty (120) days after said person reaches the age of majority or six (6) years from the date the claim arose or should reasonably have been discovered, whichever is earlier.