808 P.2d 420

**Gerald G. GREENWADE,
Plaintiff–Appellant,**

v.

**IDAHO STATE TAX COMMISSION
and Gary Putman,
Defendants–Respondents.**

No. 18563.

Court of Appeals of Idaho.

March 22, 1991.

502

Gerald G. Greenwade, plaintiff-appellant, pro se.

Richard L. Harris, Canyon County Pros. Atty., argued and Charles L. Saari, Deputy Pros. Atty., Caldwell, for respondent Gary Putman.

Quane, Smith, Howard & Hull, Boise, for respondent Idaho State Tax Com'n. Michael P. Stefanic, II argued.

SILAK, Judge.

The allegations in this case involve the seizure of property in the collection of unpaid taxes. The first question we are presented with on appeal is whether Gerald Greenwade's tort claims against the Idaho State Tax Commission (Commission), and Gary Putman, the Canyon County Sheriff, are barred by his failure to comply with the provisions of the Idaho Tort Claims Act (ITCA). The second question is whether Greenwade's complaint against the Commission for unlawful seizure of property for payment of tax assessments is also governed by the ITCA. For the reasons stated below, we affirm the district court's Order dismissing Greenwade's tort claims against the Commission and Sheriff Putman; however, we reverse the portion of the Order dismissing his claims against the Commission for the unlawful seizure of property.

I.

Greenwade filed a complaint against the Commission and Putman claiming that two persons posing as officials of the state trespassed on his land and unlawfully seized his property. In the complaint, Greenwade sought to recover his seized property, damages for emotional distress, an award of punitive damages for defendants' alleged knowing and willful circumvention of the law, and treble damages for fraud.

The defendants each filed a motion to dismiss, arguing that Greenwade's failure to file a notice of tort claim as required by the ITCA, I.C. §§ 6–905 and 6–908, precludes him from bringing an action against the Commission or Putman. The district

court concluded that it did not have jurisdiction over the case because Greenwade had failed to file notice of his claims in compliance with the ITCA. The district court further held that, even if it did have jurisdiction, the case should be dismissed because, pursuant to I.C. §§ 6–904A and 6–904B, governmental entities and officials are immune from suits arising out of the assessment and collection of taxes. Additionally, the district court dismissed the claim against Sheriff Putman for Greenwade's failure to post a bond.

■■■ We turn first to the question whether the district court correctly dismissed Greenwade's tort claims against the Commission and Sheriff Putman. In the present case, Greenwade claims that two persons, accompanied by Sheriff Putman, committed a trespass and unlawfully seized his property. An action for trespass to either chattels or land is a tort, as is an action for trover and conversion.[1] When these torts are allegedly committed by a government employee acting within the course or scope of his employment, they fall within the purview of the ITCA. *See Gordon v. Noble,* 109 Idaho 1048, 1049, 712 P.2d 749, 750 (Ct.App.1986).

■■■ Before an action can be brought against the state or its officials, a claimant is required to file a notice of tort claim under I.C. § 6–905, which states in pertinent part:

All claims against the state arising under the provisions of this act and all claims against an employee of the state for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the secretary of state within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

The language of this statute is mandatory. When it is read together with I.C. § 6–908,

it is clear that failure to comply with the notice requirement bars a suit.

I.C. § 6–908 provides, "[n]o claim or action shall be allowed against a governmental entity or its employees unless the claim has been presented and filed within the time limits prescribed by this act." The statutory language is clear and unambiguous. The Supreme Court has consistently held that "the filing of a notice of claim as required by the Act is 'a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate.'" *Banks v. University of Idaho,* 118 Idaho 607, 608, 798 P.2d 452, 453 (1990), *quoting McQuillen v. City of Ammon,* 113 Idaho 719, 722, 747 P.2d 741, 744 (1987). The record discloses that Greenwade did not file a notice of tort claim as required by the ITCA. Thus, the district court correctly dismissed the claims against Sheriff Putman and the Commission for tortious conduct.

■■■ There is an additional ground for affirming the dismissal of the claims against Sheriff Putman. I.C. § 6–610 requires that the prospective plaintiff in a suit against a law enforcement officer file an undertaking for costs. In *Pigg v. Brockman,* 79 Idaho 233, 314 P.2d 609 (1957), the Supreme Court held that this requirement is not jurisdictional and may be waived by the defendant; however, the Court also held that the statute is mandatory, so that where it is not complied with, the district court must dismiss the action when the appropriate objection is timely urged by the defendant. *Pigg,* at 238, 314 P.2d at 611. In this case, Sheriff Putman filed a motion to dismiss which included an objection to Greenwade's failure to post a bond. We conclude that this failure to post a bond provides an additional basis for affirming the dismissal of the claims against Sheriff Putman.

---

**1.** Conversion is a tortious act. *Gordon v. Noble,* 109 Idaho 1048, 1049, 712 P.2d 749, 750 (Ct.App. 1986), *citing Schlieff v. Bistline,* 52 Idaho 353, 15 P.2d 726 (1932). It is an act of dominion wrongfully exerted over another's personalty in denial or unwarranted interference with the other's rights. *Adair v. Freeman,* 92 Idaho 773,

451 P.2d 519. (1969); *see also Luzar v. Western Sur. Co.,* 107 Idaho 693, 692 P.2d 337 (1984), *Torix v. Allred,* 100 Idaho 905, 606 P.2d 1334 (1980). For a discussion of the tortious nature of trespass, and trover and conversion, *see generally,* W. Prosser, *The Law of Torts* §§ 13–15 (4th ed. 12th printing 1982).

■ Whether Greenwade's claim for punitive damages was correctly dismissed is likewise governed by statute. I.C. § 6–918 states: *"No Punitive Damages.*—Governmental entities and their employees shall not be liable for punitive damages on any claim allowed under the provisions of this act." Even assuming that Greenwade's tort claims were not dismissed on other grounds, his claim for punitive damages could not be maintained because it is proscribed by this provision of the ITCA.

## II.

■ We turn next to the question whether the district court correctly dismissed Greenwade's claim for the return of his property, to wit, his 1971 International, valued by him in his complaint in the amount of $500.00. The Commission has raised two arguments in opposition to Greenwade's claim. The first argument is that Greenwade did not raise in the district court the statutory provision upon which he relies on appeal, I.C. § 63–3074. The complaint does not cite the statutory provision, but the allegations in the complaint clearly state a cause of action under this statute. I.C. § 63–3074 is found in the Idaho Income Tax Act, I.C. §§ 63–3001–63–3081, in a chapter which deals with the assessment and collection of taxes. It states:

*Actions against the State of Idaho.*— The state tax commission may be made a party defendant in an action at law or a suit in equity by any person aggrieved by the unlawful seizure or sale of his property, or in any suit for refund or to recover an overpayment, but only the state of Idaho shall be responsible for any final judgment secured against the state tax commission, and said judgment shall be paid or satisfied out of the state refund fund created by this act. No seizure or sale shall be considered unlawful if it occurs in the collection of deficiencies pursuant to the provisions of sections 63–3052 or 63–3065, Idaho Code.

Greenwade complains that the Commission collected a tax for which he had no liability; that the Commission seized his 1971 International; and, he claims damages for the loss of the value of the vehicle. Modern pleading, as reflected by I.R.C.P. 8(a)(1), requires only a simple, concise, and direct statement fairly apprising the defendant of claims and grounds upon which the claims rest. *Myers v. A.O. Smith Harvestore Products,* 114 Idaho 432, 439, 757 P.2d 695, 702 (Ct.App.1988). Having reviewed the complaint, we find the pleadings sufficient to raise the issue of the unlawful seizure of property under I.C. § 63–3074.

The second argument presented by the Commission is that I.C. § 6–904A impliedly repeals I.C. § 63–3074. Nothing in the ITCA explicitly states that it applies to suits brought under the Idaho Income Tax Act or that it repeals any section of the tax act. I.C. § 6–904A of the ITCA provides in pertinent part:

**Exceptions to governmental liability.** —A governmental entity and its employees acting within the course and scope of their employment and without malice or criminal intent and without reckless, willful and wanton conduct as defined in section 6–904C, Idaho Code, shall not be liable for any claim which:

1. Arises out of the assessment or collection of any tax or fee....

The Commission argues that Greenwade's claim for the return of his property is barred by I.C. § 6–904A, because the claim "arises out of the assessment or collection of any tax or fee...."

Our interpretation of I.C. § 6–904A must be undertaken within the context of the ITCA. The word "claim" as used in I.C. § 6–904A must be interpreted in accordance with the definition section of the ITCA, I.C. § 6–902, which provides that "claim"

... means any written demand to recover money damages from a governmental entity or its employee which any person is legally entitled to recover under this act as compensation for the negligent or otherwise wrongful act or omission of a governmental entity or its employee when acting within the course or scope of his employment.

I.C. § 6–902(7). The term "claim," as used in the ITCA, describes claims for damages

arising from tortious conduct. Greenwade's claim for the return of property erroneously or illegally seized for the payment of taxes does not appear to fit the definition of a claim for tort damages, and thus would not be barred by I.C. § 6–904A.

This conclusion is further supported by an examination of I.C. § 63–3074 in its context in the Idaho Income Tax Act. In construing a legislative act, it is our duty to ascertain, if possible, *from a reading of the whole act,* the purpose of the Legislature and give effect to legislative intent. *Keenan v. Price,* 68 Idaho 423, 438, 195 P.2d 662, 670 (1948) (emphasis in original), *citing Swain v. Fritchman,* 21 Idaho 783, 795, 125 P. 319, 323 (1912); *see also Janss Corp. v. Board of Equalization of Blaine Co.,* 93 Idaho 928, 930, 478 P.2d 878, 880 (1970).

The obvious intent of I.C. § 63–3074 is to provide a limited remedy to taxpayers who seek recovery of property or money wrongfully seized or collected in payment of tax. In reviewing other relevant sections of the Idaho Income Tax Act, we see that I.C. § 63–3074 is one of several remedial mechanisms provided to the aggrieved taxpayer. For example, I.C. § 63–3041 provides a mechanism for refund or credit when a taxpayer overpays his taxes. I.C. § 63–3074 is cross-referenced to I.C. § 63–3067, which creates the state fund from which refunds are paid. I.C. § 63–3041 refers to I.C. § 63–3072, which provides a three-year time limit for claiming credits or refunds and authorizes the state tax commission "to credit or remit, refund, and pay back all taxes and penalties erroneously or illegally assessed or collected, . . . ." We note that the three-year time limit for claiming refunds is substantially longer than the 180–day notice period for filing tort claims under the ITCA. I.C. § 63–3073 requires the state to pay interest on refunds and credits which were "erroneously or illegally assessed or collected."

I.C. § 63–3074 authorizes a suit against the state and is therefore in derogation of sovereignty. Statutes which are in derogation of sovereignty must be strictly construed. *Pigg,* 79 Idaho at 243, 314 P.2d at 615, *citing Great Northern Life Ins. Co. v. Read,* 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944). By examining the purposes of the act, its structure as a whole, and the placement of the statute within the act, we can discern the progression of the taxpayer's claim. Interpreting I.C. § 63–3074 in conjunction with the rest of the tax act, we conclude that this statute does not authorize a tort claim, but provides a limited, remedial measure enabling taxpayers to challenge a wrongful collection of taxes or the various enforcement actions of the Commission, including the seizure of property, which was what occurred here.

This construction implements the intent of the Legislature. The compiler's notes following the statute refer to collateral sources, which include a reference to the articles on State and Local Taxation in *American Jurisprudence 2d.* We have reviewed these articles and find that they complement our analysis:

The party aggrieved by wrongful and illegal action in the case of assessments and taxes has several remedies available to him, dependent on the nature of the injury sustained and the kind of relief sought. *The two more important remedies are an action at law to recover back illegal taxes which have been involuntarily paid and a suit in equity for injunctive relief against the enforcement and collection of illegal taxes. By virtue of statute, applications for refund of taxes paid under protest may be allowed. . . .*

A person whose property has been seized and sold for nonpayment of an illegal tax cannot maintain an action of trespass or trover or other action sounding in tort against the municipality on behalf of which the tax was assessed. The same principle applies to a collector of taxes, and a city or a town is not liable for a wrongful or illegal act of its tax collector in the course of his public duties. . . .

Originally, the appropriate remedy of a person assessed an illegal tax was by way of an action of tort against the

assessors, in which he recovered the damages suffered by the enforcement of the illegal tax. Later, the principle became established that when personal property was taken by distress in satisfaction of an illegal tax, the owner of the property might recover back the money *in an action of indebitatus assumpsit for money had and received.*

72 Am.Jur.2d, *State and Local Taxation* §§ 1059, 1060, 1077 (1974) (emphasis added).

 Based on the foregoing, we conclude that I.C. § 63–3074 does not provide a tort remedy, but provides for the refund of taxes illegally or erroneously collected or for the return of personal property illegally or erroneously seized to satisfy a tax obligation; therefore, an action under this statute is not impliedly or expressly prohibited by I.C. § 6–904A. According to a well-established rule of statutory construction, we must presume the legislature did not intend to repeal the pre-existing statute by mere implication when it enacted the ITCA. *See Doe v. Durtschi,* 110 Idaho 466, 478, 716 P.2d 1238, 1250 (1986), *rehearing denied, citing Jordan v. Pearce,* 91 Idaho 687, 691, 429 P.2d 419, 423 (1967). Only when new legislation is irreconcilable with and repugnant to a preexisting statute may we find an implied repeal. *Durtschi,* 110 Idaho at 478, 716 P.2d at 1250. Because I.C. § 63–3074 does not provide a tort remedy, we conclude that it is not irreconcilable with or repugnant to the statute governing tort claims against the state.

The Commission argues that where two statutes are *in pari materia,* the most recent expression of legislative will controls. Statutes are *in pari materia* when they relate to the same subject matter. *Meyers v. City of Idaho Falls,* 52 Idaho 81, 90, 11 P.2d 626, 629 (1932). The Commission contends that there is no question that the statutes are *in pari materia* because both statutes address suing a governmental entity. We disagree. While it is true that statutes which are *in pari materia* are to be construed together to

the end that the legislative intent will be effected, the statutes in question are not *in pari materia. Compare State v. Creech,* 105 Idaho 362, 670 P.2d 463 (1983) *rehearing denied; Union Pacific Railroad Co. v. Board of Tax Appeals,* 103 Idaho 808, 654 P.2d 901 (1982). On a general level, both statutes deal with lawsuits against governmental entities; however, the ITCA governs procedural issues in tort claims against the state. To conclude that the ITCA governs *all* claims against the state is to extend the reach of the act beyond its reasonable interpretation, for the term "claim" is specifically defined and limited in the ITCA to tort claims. As an example, there is no reason the ITCA should be applied to contract claims against the state. Similarly, there is no reason the ITCA should be applied to limit a taxation statute which allows a cause of action that does not sound in tort. I.C. § 63–3074, which appears in the Idaho Income Tax Act, and I.C. §§ 6–904A and 6–905, which appear in the ITCA, are not *in pari materia;* thus, there is no reason to construe them together, or to allow the more recent statute to control.[2]

For the reasons stated above, we affirm the portion of the district court's order dismissing Greenwade's tort claim against the Commission and Sheriff Putman, but we reverse and remand with regard to Greenwade's claim against the Commission for the return of seized property under I.C. § 63–3074. Attorney fees and costs on appeal to Sheriff Putman. No attorney fees or costs to Greenwade or the Commission.

WALTERS, C.J., and SWANSTROM, J., concur.

---

**2.** We likewise reject the Commission's argument that, under I.C. §§ 6–905 and 6–908, Greenwade must first present a notice of claim before proceeding under I.C. § 63–3074.