63 P.3d 457

Terry A. JOHNSON and Lorlene V. Johnson, husband and wife; and Richard W. Fairfield and Emmy Lou Fairfield, husband and wife, Plaintiffs–Appellants,

v.

BOUNDARY SCHOOL DISTRICT # 101; Boundary County Commissioners; Boundary County Treasurer Wilma Devore; and Zions First National Bank, Defendants–Respondents.

No. 28629.

Supreme Court of Idaho, Boise, December 2002 Term.

Jan. 28, 2003.

Racine, Olson, Nye, Budge & Bailey, Pocatello, for appellant. Richard A. Hearn, Pocatello, argued.

Randall W. Day, Bonners Ferry, argued for respondent Boundary School District.

John R. Topp, Sandpoint, for respondent Boundary County.

Holland & Hart, Boise, for respondent Zions Bank.

WALTERS, Justice.

This appeal is from an order dismissing the plaintiffs' complaint for failure to post a bond for costs before the defendants moved to dismiss due to the failure to file the bond as prescribed by the statutes governing an election contest. Because only one of the three causes of action alleged a challenge to a school district election, invoking the election statutes, and because the statutes do not expressly provide that the bond requirement is jurisdictional, we reverse the dismissal and remand the matter for further proceedings on the merits of the plaintiffs' claims.

## FACTS AND PROCEDURAL BACKGROUND

On February 5, 2002, a school district election was held, where the voters approved a levy to fund a lease-purchase agreement to build a new high school and to renovate existing school buildings in Boundary County. The Special Reserve Fund Levy, authorized by I.C. § 33–804A, was approved by sixty-four percent (64%) of the vote, exceeding the sixty (60%) percent required by I.C. § 33–804(2) to pass the measure. The levy authorized the collection of $970,000 per year for twenty years, with the additional taxes to be dedicated to payments on the lease-purchase agreement. As a further result of the election, the school district received State grant monies in partial support of the planned projects and became eligible to participate in the Idaho Safe Schools Facilities Loan Program authorized under I.C. § 33–804A(2). The lease-purchase agreement was entered into with Zions First National Bank.

Terry A. and Lorlene V. Johnson and Richard W. and Emmy Lou Fairfield, residents and voters within the district (hereinafter collectively "the Johnsons"), filed a three-count complaint in the district court, seeking declaratory and injunctive relief as well as invalidation of the levy. The first count of the complaint alleged that the purchase agreement entered into between the school district and Zions violated Art. VIII, Section 3 of the Idaho Constitution, because it created an indebtedness and liability that were not ordinary and necessary expenses and had not been submitted to a vote of the electorate. The second count of the complaint asserted that the agreement should be held void and the school district enjoined from collecting the taxes authorized by the levy. The third count of the complaint alleged that the election notice did not comply with the statutes governing school levy elections, which should invalidate the results.

Pursuant to I.R.C.P. 12(b)(6), the school district and Zions moved the district court to dismiss the complaint on the ground that the bond required by law had not been posted. The Johnsons thereafter submitted a motion to allow the filing of a bond. The district court heard the parties' arguments and orally granted Zions' motion to dismiss. Relying on I.C. § 34–2001A, which provides that only the school district may be sued, the district court held that Zions was not a proper party to the suit. The district court thereafter issued a memorandum decision, holding that I.C. § 34–2001A and § 34–2008 governed the action, and imposed on complainants a requirement to file a cost bond. The district court interpreted the statutes to mandate the filing of the complaint *and the bond* within forty days of the contested election. Finding that failure to timely file the bond was jurisdictional and a complete defense to the action, the district court dismissed the complaint against the school district and denied the plaintiffs' motion for leave to file a bond.[1]

---

1. The defendants raised the question of the plaintiffs' standing to obtain relief and argued this as an alternative ground for dismissal of the action.

The district court did not rule on the question. After considering the arguments, we conclude that the plaintiffs, as property owners in the

The Johnsons have timely appealed from the district court's order. They claim the district court erred in holding that the bond must be filed within forty days of the election, and they dispute that the statutes governing challenges to a school district election are applicable to Counts I and II of their complaint. Accordingly, they contend that the dismissal of the complaint and the denial of leave to file a bond were improvidently decided and should be reversed.

## STANDARD OF REVIEW

On appeal from the dismissal of a complaint pursuant to Rule 12(b)(6), I.R.C.P., the nonmoving party is entitled to have all inferences from the record viewed in its favor. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 961, 895 P.2d 561, 562 (1995). In order to withstand a motion to dismiss, the nonmoving party must allege all essential elements of the claims presented. If the plaintiff can prove no set of facts upon which the court could grant relief, the complaint should be dismissed. *See Gardner v. Hollifield*, 96 Idaho 609, 611, 533 P.2d 730, 732 (1975).

## DISCUSSION

The Johnsons challenge the district court's dismissal of the complaint against the school district based on their failure to timely file a bond as required by I.C. § 34–2001A. They argue that their claims do not assert "grounds of contest" enumerated in the statute which applies exclusively to challenges to the election process or election results. They argue, therefore, that the district court concluded in error that their claims were in the nature of an election contest and subject to the procedural requirements of the statute, including the bond filing prescribed by I.C. § 34–2008.

district affected by the school district's decision to use the district's income to carry out the agreement, have standing. As was the case in *Brewster v. City of Pocatello*, 115 Idaho 502, 768 P.2d 765 (1988), it is in the interest of both the school district and the plaintiffs that the question be resolved rather than delayed until the matter is presented via a collection action seeking to recover against a taxpayer who has refused to pay the levy.

We begin with a review of the record, specifically the complaint that recites facts related to the levy election conducted in February 2002. The introductory paragraphs of the complaint set forth the exact language found on the ballot regarding the levy. The complaint also recites the terms of the lease-purchase agreement entered into between the school district and Zions under which the school district agreed to pay $18,291,006.94 over twenty years for the construction of a new high school and for the renovation of existing schools.

Count I of the complaint alleged that the lease purchase agreement was executed without a two-thirds vote of the electorate and, therefore, violated Article VIII, § 3 of the Idaho Constitution, which bars the creation of any indebtedness in excess of the income and revenue provided for a given year except upon an election.[2] The relief requested was a declaration that the agreement was unlawful and invalid. Contrary to the district court's conclusion, however, Count I is not an election challenge to the levy to raise money for payment of the lease purchase agreement, but a declaratory judgment action challenging the validity of the agreement with the bank to finance the building of and repair to schools. The question posed is whether the contract between the school district and Zions is valid, *i.e.*, whether it violates the state constitutional provision against incurring indebtedness that exceeds income and cannot be discharged within one year.

Count II sought to enjoin the collection of the duly passed levy, which was to be dedicated to the payment of the lease-purchase agreement, which the plaintiffs contend is unconstitutional. This second count also is not an election contest but another challenge

**2.** In relevant part, Article VIII, Section 3 provides:

No county, city, board of education, or school district, or other subdivision of the state, shall incur any indebtedness, or liability, in any manner, or for any purpose, exceeding that year, the income and revenue provided for it for such year, without the assent of two thirds ( ⅔) of the qualified electors thereof voting at an election to be held for that purpose. . . .

to the validity of the agreement by way of declaratory judgment. It challenges the mill levy to the extent of questioning whether the lease purchase agreement can be discharged by the levy, but it does not challenge either the election procedures or the ultimate vote approving the mill levy.

Consequently, the lack of a cost bond required for an election contest is irrelevant to Count I and II, and the district court's dismissal based on the absence of a timely bond filing was error. Although the claims do not dispute the levy *per se* but only the manner in which the money can be spent, they present a controversy that is appropriate for judicial determination in a declaratory judgment action. *See Weldon v. Bonner County Tax Coalition,* 124 Idaho 31, 36, 855 P.2d 868, 873 (1993), *citing Harris v. Cassia County,* 106 Idaho 513, 516, 681 P.2d 988, 991 (1984). We hold that the Johnsons are entitled to pursue their declaratory judgment action.

■ Count III, which asserted a claim that the notice of the levy was defective, is unquestionably an election challenge. The essence of the claim is that, although the ballot provided that the levy "shall be utilized for the purpose of abating the unsafe and unhealthy conditions at existing district school facilities," the notice failed to fully state the purpose of the levy, *i.e.,* to make payments on an agreement that is allegedly violative of the state Constitution.

■ In light of a statutory procedure for the contest of an election, the remedy provided by the statute is exclusive as to matters that might be contested. *Harrison v. Board of Comm'rs of Bannock County,* 68 Idaho 463, 467, 198 P.2d 1013, 1015 (1948). As the more recent and more specifically applicable statute to contests of school district elections, we hold that I.C. § 34–2001A, not I.C. § 33–408, should be applied in this case. *See Shay v. Cesler,* 132 Idaho 585, 977 P.2d 199 (1999); *Tomich v. City of Pocatello,* 127 Idaho 394, 901 P.2d 501 (1995).

Idaho Code, Section 34–2001A(B) provides: When the validity of any bond or mill levy election is contested upon any of the grounds enumerated in section 34–2001,

Idaho Code, or upon any other grounds whatsoever the plaintiff or plaintiffs must, within forty (40) days after the votes are canvassed and the results thereof declared, file in the proper court a verified written complaint setting forth, in addition to the other requirements of this chapter, the following:

(1) The name of the party contesting the bond or mill levy election, and that he is an elector of the public entity conducting the bond or mill levy election.

(2) The proposition or propositions voted on at the election which are contested.

(3) The particular grounds of such contest.

Pursuant to I.C § 34–2008, "[t]he contestant must also file a bond, with security to be approved by the clerk of the court or district judge, as the case may be, conditioned to pay all costs in case the election be confirmed, the complaint dismissed, or the prosecution fail."

■ This Court exercises free review over the application and construction of statutes. *Koch v. Micron Technology,* 136 Idaho 885, 42 P.3d 678 (2002). Statutory interpretation always begins with an examination of the words of the statute. *In re Permit No. 36–7200,* 121 Idaho 819, 822, 828 P.2d 848, 851 (1992). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *Id.* Courts are constrained to follow that plain meaning, and neither add to the statute nor take away by judicial construction. *Canal/Norcrest/Columbus Action Committee v. City of Boise,* 136 Idaho 666, 670, 39 P.3d 606, 610 (2001); *Moon v. Investment Board,* 97 Idaho 595, 596, 548 P.2d 861, 862 (1976). For this Court to read into the statute that the bond must be filed within the same forty-day period as that required for the filing of the complaint would be to add to the statute a provision that the legislature did not include. *See Thomas v. Riggs,* 67 Idaho 223, 228, 175 P.2d 404, 407 (1946). More importantly, "statutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Doe v. Durtschi,* 110 Idaho 466, 476, 716 P.2d

1238, 1240, *citing Independent School Distr. of Boise City v. Callister,* 97 Idaho 59, 63, 539 P.2d 987, 991 (1975).

We specifically reject the school district's argument that the statutory scheme in question is similar to the statute dealing with suits against law enforcers, I.C. § 6–610, where the language of the statute expressly states that the preparation and filing of the bond is a prerequisite to the suit. *See* I.C. § 6–610(2). We hold, therefore, that the bond required in a school district election contest can be filed at any time after the clerk of the court or a district judge has determined the amount for the bond, since its purpose is to provide security for costs incurred by the other party. We decline to hold that the bond filing is jurisdictional in the sense that the case should be dismissed simply for failure to timely file the bond. The district court's decision to deny the motion for leave to file a bond is hereby reversed, and the Johnsons' election challenge should be allowed to proceed once the court has set an appropriate amount for the bond.

### CONCLUSION

The district court's dismissal of the Johnsons' complaint and the denial of their motion for leave to file a bond are reversed. The case is remanded to the district court to decide the declaratory judgment claims regarding the constitutionality of the lease purchase agreement and whether payments on the lease purchase agreement may properly come from the levy funds. The district court, after fixing the amount of the bond, should also decide the election challenge to the levy notice.

Attorney fees under I.C. § 12–121 will only be awarded when this Court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably, or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). Under the circumstances of this case, we deem an award of fees to be inappropriate, and we decline to grant either party's request.

Costs to appellants.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, concur.