182 P.3d 713

Susan J. BEEHLER and Roger C. Beehler, husband and wife, Plaintiffs–Appellants,

v.

FREMONT COUNTY, a political subdivision of the State of Idaho, Fremont County Sheriff's Department, and Brian Loseke, an individual, Defendants–Respondents.

No. 33496.

Court of Appeals of Idaho.

April 14, 2008.

M. Patrick Duffin, Ammon, for appellant.

Anderson Nelson Hall Smith PA, Idaho Falls, for respondent. Blake G. Hall argued.

GUTIERREZ, Chief Judge.

Susan J. and Roger C. Beehler (the Beehlers) appeal from the dismissal of their complaint for failure to file a written undertaking pursuant to Idaho Code § 6–610. We affirm.

## I.

## BACKGROUND

On February 14, 2004, Susan was arrested for driving under the influence near Island Park, Idaho. Deputy Brian Loseke transported Susan to the Fremont County Sheriff's Office in St. Anthony, Idaho. During the course of this trip, Deputy Loseke stopped the car twice to allow Susan to urinate by the side of the road. The second time Deputy Loseke stopped, he did not remove Susan's handcuffs; she fell due to the icy conditions, purportedly injuring her knee. Susan was unable to pick herself up, requiring assistance from Deputy Loseke.

Two years later, the Beehlers filed a complaint against Deputy Loseke, Fremont County, and the Fremont County Sheriff's Department (the Respondents), alleging negligence. They claimed that Susan's injuries required surgery, and will continue to require surgery for normal functioning of her knee. They sought monetary damages for pain and suffering, loss of enjoyment of life, limitation of activities, and other physical and mental injuries. The Respondents moved to dismiss on the ground that the Beehlers had failed to file a written undertaking as required by I.C. § 6–610 for a suit against a law enforcement officer arising out of the performance of his duties. After considering oral arguments and briefing by the parties, the district court dismissed the Beehlers's complaint as to all parties for failure to comply with I.C. § 6–610. The Beehlers appeal, challenging the applicability of I.C. § 6–610 to claims under the Idaho Tort Claims Act (ITCA), I.C. §§ 6–901 to 6–929.

## II.

## DISCUSSION

The Beehlers contend that I.C. § 6–610 does not apply to actions within the ITCA. Specifically, they assert that I.C. § 6–918A supersedes I.C. § 6–610, and that section 6–610 is not a mandatory provision. The Respondents point to this Court's decision in *Greenwade v. Idaho State Tax Commission,* 119 Idaho 501, 808 P.2d 420 (Ct.App.1991),

for the proposition that I.C. § 6–610 applies to cases brought under the ITCA.

The interpretation of a statute is an issue of law over which we exercise free review. *Corder v. Idaho Farmway, Inc.,* 133 Idaho 353, 358, 986 P.2d 1019, 1024 (Ct.App. 1999). When interpreting a statute, we will construe the statute as a whole to give effect to the legislative intent. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990); *Corder,* 133 Idaho at 358, 986 P.2d at 1024. The plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or unless the plain meaning leads to absurd results. *Messenger,* 118 Idaho at 540, 797 P.2d at 1388; *Corder,* 133 Idaho at 358, 986 P.2d at 1024. When statutes conflict, a later or more specific statute controls over an earlier or more general statute. *Johnson v. Boundary Sch. Dist. No. 101,* 138 Idaho 331, 335, 63 P.3d 457, 461 (2003); *Hyde v. Fisher,* 143 Idaho 782, 786, 152 P.3d 653, 657 (Ct. App.2007). Separate statutes dealing with the same subject matter should be construed harmoniously, if at all possible, so as to further the legislative intent. *Cox v. Mueller,* 125 Idaho 734, 736, 874 P.2d 545, 547 (1994); *State v. Resendiz–Fortanel,* 131 Idaho 488, 489, 959 P.2d 845, 846 (Ct.App.1998); *State v. Maland,* 124 Idaho 537, 540, 861 P.2d 107, 110 (Ct.App.1993).

Idaho Code Section 6–610 begins by defining law enforcement officers as "any court personnel, sheriff, constable, peace officer, state police officer, correctional, probation or parole official, prosecuting attorney, city attorney, attorney general, or their employees or agents," as well as other peace officers or those with the duty to enforce laws of this state. I.C. § 6–610(1). It then instructs that:

[b]efore any civil action may be filed against any law enforcement officer or service of civil process on any law enforcement officer, when such action arises out of, or in the course of the performance of his duty, or in any action upon the bond of any such law enforcement officer, the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint

or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court. The purpose of this requirement is to ensure diligent prosecution of a civil action brought against a law enforcement officer, and in the event judgment is entered against the plaintiff or petitioner, for the payment to the defendant or respondent of all costs and expenses that may be awarded against the plaintiff or petitioner, including an award of reasonable attorney's fees as determined by the court. I.C. § 6–610(2). The section goes on to state that the defendant in such a suit may object at any time to the plaintiff's failure to file a bond. I.C. § 6–610(4). If the defendant objects to the lack of a bond, "the judge shall dismiss the case." I.C. § 6–610(5). Dismissal in this circumstance is mandatory. *Monson v. Boyd*, 81 Idaho 575, 578, 582, 348 P.2d 93, 94 (1959) ("Where the complaint shows on its face, or where it is made to appear by evidence in support of a motion to dismiss, that the action is against peace officers and arises out of or in the course of the performance of the duty of such officers, if I.C. § 6–610 has not been complied with, the action must be dismissed.").

This Court previously addressed whether I.C. § 6–610 applies to claims under the ITCA and found that it does. *Greenwade*, 119 Idaho at 503, 808 P.2d at 422. Although the tort claims in that case were dismissed primarily for failure to file a notice of tort claim pursuant to I.C. §§ 6–905 and 6–908, this Court also affirmed the dismissal as to the sheriff defendant on the alternate basis that Greenwade failed to file a written undertaking as required by I.C. § 6–610. The Beehlers provide no acceptable reason why *Greenwade* should not be followed here.

■ Instead, the Beehlers assert that I.C. § 6–918A supersedes I.C. § 6–610 because both statutes address attorney fees. Attorney fees may be assessed in cases covered by the ITCA only if "the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." I.C. § 6–918A. Furthermore, "[t]he right to recover attorney fees in legal actions for money damages that come within the purview of this act shall be governed *exclusively* by the provisions of this act and not by any other statute or rule of court, except as may be hereafter expressly and specifically provided or authorized by duly enacted statute of the state of Idaho." I.C. § 6–918A (emphasis added). It is the language of exclusivity that leads to the Beehlers's argument, but their interpretation of the effect of I.C. § 6–918A is incorrect. Section 6–918A is the exclusive means for determining when a party is entitled to receive attorney fees in an action pursuant to the ITCA. This is distinguishable from the purpose of I.C. § 6–610, which creates a fund from which attorney fees can be paid if a law enforcement officer is successful in defending a civil suit. Section 6–610 does not define the standard for awarding attorney fees to a law enforcement officer. Additionally, I.C. § 6–610 specifically applies to "any civil case." The plain meaning of I.C. § 6–610 necessarily includes a claim in tort as one of the civil cases to which it applies. Furthermore, courts must construe a statute under the assumption that the legislature knew of all legal precedent and other statutes in existence at the time the statute was passed. *D & M Country Estates Home–Owners Ass'n v. Romriell*, 138 Idaho 160, 165, 59 P.3d 965, 970 (2002); *Druffel v. State Dep't of Transp.*, 136 Idaho 853, 856, 41 P.3d 739, 742 (2002); *City of Sandpoint v. Sandpoint Indep. Highway Dist.*, 126 Idaho 145, 150, 879 P.2d 1078, 1083 (1994). Section 6–918A of the ITCA was enacted in 1978, nearly twenty-five years after I.C. § 6–610. Given that the ITCA applies to suits against the government, governmental entities, and their employees, and that law enforcement officers are employees of governmental entities, the Idaho Legislature knew that law enforcement officers might be sued in tort pursuant to the ITCA, and a bond would be required for such a suit pursuant to I.C. § 6–610. If the legislature wished to eliminate the bond requirement in suits under the ITCA, such steps could have been taken. There is no indication that the legislature intended I.C. § 6–918A to terminate the applicability of I.C. § 6–610 in tort claims.

The Beehlers also assert that Idaho case law has made I.C. § 6–610 permissive instead of mandatory. Citing *Hyde v. Fisher*, 143 Idaho 782, 152 P.3d 653, and *Kent v. Pence*, 116 Idaho 22, 773 P.2d 290 (Ct.App. 1989), they claim that a bond is no longer required for a suit against a law enforcement officer, and that the purpose behind I.C. § 6–610 has been fulfilled by I.C. § 6–918A. In *Hyde*, this Court considered the bond requirement of I.C. § 6–610 as it applied to indigent prisoners. Trial courts can waive all or a portion of court fees for indigent prisoner litigants pursuant to I.C. § 31–3220A. Indigent non-prisoners are guaranteed similar protections pursuant to I.C. § 31–3220 but unlike section 31–3220A, section 31–3220 provides that for indigent non-prisoners, the court may authorize the waiver of not only fees but also "security" if the litigant is indigent. I.C. § 31–3220(2). In *Hyde*, we held that in order to satisfy the purpose of I.C. § 31–3220A of "plac[ing] prison and jail inmates on an equal footing with other civil law litigants concerning claims against the state and counties," the bond requirement of I.C. § 6–610 can be waived by proper application under I.C. § 31–3220A. *Hyde*, 143 Idaho at 785, 152 P.3d at 656. While this does mean that I.C. § 6–610 is not mandatory for all suits against law enforcement officers, the circumstances in which it does not apply are quite limited. A prisoner can escape the bond requirement by filing a motion and affidavit detailing the prisoner's assets, income, and indebtedness. I.C. § 31–3220A(2). The court must then decide whether to allow the prisoner to proceed and post a reduced bond or no bond at all. *Hyde*, 143 Idaho at 786, 152 P.3d at 657. The holding in *Hyde* applies only to prisoners who are declared indigent for purposes of litigation after filing the appropriate motion and affidavit; it does not apply to the Beehlers, as they are not incarcerated.

For a waiver of fees or security to be granted to a non-prisoner under section 31–3220, the party must file an affidavit with the court detailing his assets, income, and indebtedness. I.C. § 31–3220(3). The court then determines whether to declare the party indigent for litigation purposes, and allow them to proceed without paying the necessary fees or costs. I.C. § 31–3220(2). If the Beehlers were unable to afford the security bond as they claim, they could have availed themselves of I.C. § 31–3220 in order to request a waiver of the section 6–610 bond requirement prior to filing their complaint. No such action was taken in this case.

The Beehlers also cite *Kent v. Pence*, 116 Idaho 22, 773 P.2d 290, for the proposition that the purpose of I.C. § 6–610 has been fulfilled by I.C. § 6–918A. Claiming that I.C. § 6–918A provides for costs, fees, and expenses for a law enforcement officer against whom a suit is brought, they assert that *Kent* held that the ITCA applies to the exclusion of all other provisions addressing fees and costs. The Beehlers's reliance on this case is misplaced. The issue in *Kent* was whether an award of attorney fees under I.C. § 12–121 was proper, when the suit clearly came under the control of the ITCA. *Kent*, 116 Idaho at 22, 773 P.2d at 290. The district court in that case found that Kent's action had not been brought in bad faith, as required by I.C. § 6–918A, but awarded attorney fees on the basis that it was brought without legal basis, invoking I.C. § 12–121. *Kent*, at 23, 773 P.2d at 291. Therefore the true nature of the dispute on appeal involved the standard to apply in considering whether to award attorney fees; the bond requirement of I.C. § 6–610 was never addressed. This Court held that the standard provided in I.C. § 6–918A governed to the exclusion of all other standards when the case was brought under the ITCA. *Kent*, at 23, 773 P.2d at 291. *Kent* does not imply that I.C. § 6–918A and I.C. § 6–610 serve the same goals, and as explained above, they clearly do not. Read together, the two statutes provide that a law enforcement officer sued in tort will be awarded attorney fees upon a showing of bad faith, pursuant to section 6–918A and the fees will be paid from the security bond posted by the plaintiff, pursuant to section 6–610. Our holding in *Kent* clarifies the standard to be used, but does not affect the source of the funds.

■ The Beehlers's arguments that I.C. § 6–610 is superseded by I.C. § 6–918A, that I.C. § 6–610 is permissive, or that the purpose of I.C. § 6–610 is fulfilled by I.C. § 6–

918A are unpersuasive. Filing a written undertaking prior to initiating any civil action against a law enforcement officer is mandatory; filing suit under the ITCA does not alter this requirement.

## III.

### ATTORNEY FEES

■■■■■ The Respondents request attorney fees on appeal pursuant to I.C. § 6–918A or I.C. § 12–117. Section 6–918A is the exclusive provision for awarding attorney fees under the ITCA, including claims on appeal. *See Nation v. State,* 144 Idaho 177, 194, 158 P.3d 953, 970 (2007); *Jensen v. State,* 139 Idaho 57, 64–65, 72 P.3d 897, 904–05 (2003); *Packard v. Joint Sch. Dist. No. 171,* 104 Idaho 604, 614, 661 P.2d 770, 780 (Ct.App. 1983). Therefore I.C. § 12–117 does not apply to this case. For cases brought under the ITCA, attorney fees may be awarded only if there is "a showing, by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." I.C. § 6–918A. Bad faith means dishonesty in belief or purpose. *Cordova v. Bonneville County Joint Sch. Dist. No. 93,* 144 Idaho 637, 643, 167 P.3d 774, 780 (2007); *Cobbley v. City of Challis,* 143 Idaho 130, 135, 139 P.3d 732, 737 (2006). The County has not shown by clear and convincing evidence that the Beehlers proceeded with dishonesty in belief or purpose. No attorney fees are awarded on appeal.

## IV.

### CONCLUSION

Idaho Code Section 6–610 is not superseded by the Idaho Tort Claims Act; it applies to all suits against law enforcement officers whether they are brought in tort or as other civil claims. The district court's order dismissing the Beehlers's complaint for failure to file a written undertaking as required by I.C. § 6–610 is affirmed.[1] Respondents are awarded costs pursuant to I.A.R. 40 but not attorney fees.

Judge LANSING and Judge PERRY concur.

---

1. The district court dismissed the Beehler's claims against all defendants. Our affirmance of the dismissal does not imply any determination that I.C. § 6–610 is applicable to the claim against Fremont County. This is an issue that was not raised by the Beehlers and therefore is not addressed here.