# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 35618

| | | |
|---|---|---|
| PAUL WILLIAM DRIGGERS, | ) | 2009 Opinion No. 74 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: November 25, 2009 |
| | ) | |
| and | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DESARAE J. DRIGGERS, CSARENA M. | ) | |
| DRIGGERS, and MELINDA K. | ) | |
| DRIGGERS, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMANDA GRAFE, THE IDAHO | ) | |
| DEPARTMENT OF HEALTH AND | ) | |
| WELFARE, RICHARD ARMSTRONG, | ) | |
| KAREN P. VASSALLO, DAVID BECK, | ) | |
| THE POST FALLS POLICE | ) | |
| DEPARTMENT, CERTAIN UNKNOWN | ) | |
| POST FALLS POLICE OFFICERS, | ) | |
| EUGENE MARANO, ROBERT BURTON, | ) | |
| THE KOOTENAI COUNTY COURT, | ) | |
| LINDA GREEN, CASA, DANIEL COOPER, | ) | |
| and THE KOOTENAI COUNTY PUBLIC | ) | |
| DEFENDERS OFFICE, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order granting motion to dismiss tort claim, affirmed.

Paul William Driggers, Tucson, Arizona, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Melissa N. Moody, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Paul William Driggers appeals from the district court's order granting the state's motion to dismiss Driggers' tort claim for his failure to comply with the Idaho Tort Claims Act. We affirm.

## I.

## FACTS AND PROCEDURE

On December 12, 2005, an order was signed placing Driggers' three children in the custody of the Idaho Department of Health and Welfare (Department). Subsequently, Driggers alleges that he signed an agreement with the Department, promising to perform certain conditions in order to regain custody of his children. On August 2, 2006, Driggers was arrested by federal authorities on suspicion that he had violated 18 U.S.C. § 1958 pertaining to the use of interstate commerce facilities in the commission of murder for hire. He was incarcerated in federal prison and alleges that all of his paperwork and documentation in regard to his interactions with the Department were seized. He also asserts that at the time, he had no law library access. On May 22, 2007, he was convicted of the murder for hire charge and five days later, the Department began proceedings to terminate Driggers' parental rights to his three children. In June 2007, Driggers was transferred to another federal prison where, he contends, he had access to a rudimentary law library.

On October 26, 2007, Driggers filed a motion and affidavit for fee waiver for a "Tort and Declaratory Judgment (Abuse of Process)" case that he intended to file against Amanda Grafe, an employee of the Department, the Department, and others. The motion was denied. On March 4, 2008, Driggers filed a complaint against Grafe, the Department, Driggers' ex-wife, and various other government entities (Defendants) seeking damages for the alleged wrongful seizure of his children and denial of contact with his children since January 6, 2006. On May 27, 2008, Driggers served a copy of the complaint and summons on the secretary of state.

The Defendants filed a motion to dismiss the claim, contending that Driggers did not file a notice of a tort claim with the secretary of state within 180 days from the date his claim arose as required by the Idaho Tort Claims Act (ITCA). The Defendants further asserted that service of process was insufficient because Driggers did not serve the secretary of state with a copy of the complaint and summons as also required by the ITCA. Driggers responded by contending that his tort claim did not ripen until July 2006, when he became aware of the fraudulent accusations behind the seizure of his children and that the 180-day requirement to file notice

with the secretary of state should be tolled due to his incarceration and lack of access to legal materials. The district court granted the Defendant's motion to dismiss, and Driggers now appeals.

## II.

## ANALYSIS

Driggers contends that the district court erred in dismissing his tort claim on the ground that Driggers failed to comply with the ITCA because he did not file a notice of tort claim with the secretary of state within 180 days from the date the claim arose or reasonably should have been discovered. Specifically, Driggers argues that equitable tolling should apply in this instance because shortly after he became aware of the basis for his claim, he was incarcerated in federal prison where he did not have access to Idaho legal materials.

The ITCA requires:

> All claims against the state arising under the provisions of this act and all claims against an employee of the state for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the secretary of state within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

I.C. § 6-905. The language of this section is mandatory and when it is read together with I.C. § 6-908,[1] it is clear that failure to comply with the notice requirement bars a suit regardless of how legitimate it might be. *Greenwade v. Idaho State Tax Comm'n*, 119 Idaho 501, 503, 808 P.2d 420, 422 (Ct. App. 1991).

The purposes of the notice of claim requirement under the ITCA are to: (1) save needless expense and litigation by providing opportunity for amicable resolution of differences among parties, (2) allow authorities to conduct a full investigation into the cause of the injury in order to determine the extent of the state's liability, if any, and (3) allow the state to prepare defenses. *Pounds v. Denison*, 120 Idaho 425, 426-27, 816 P.2d 982, 983-84 (1991).

In granting the state's motion to dismiss Driggers' tort claim, the district court stated:

> More than six months passed between the time Plaintiff asserts that the Defendant fraudulently seized his children, prior to December 12, 2005, and the time of his incarceration on August 2, 2006. Plaintiff claims that he did not have knowledge of the fraudulent basis for the seizure until much later, but the Court

---

[1] Idaho Code § 6-908 provides that "[n]o claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this Act."

finds that he reasonably should have known because he alleges that his damages began to accrue on the date that they were taken. . . .

On appeal, Driggers asserts that he was unaware that he had a cause of action against the state until July 2006 when he saw how "the promises of the parties, their actions, and cases ongoing would 'shake out.'" He contends that "[a]ll that occurred after [December 12, 2005] up until August 2nd, 2006 [when he was incarcerated in federal prison], amounted to investigation of the possibility of fraud and bad faith by the Defendants which . . . became apparent in July, [sic] 2006." At the time he was incarcerated he contends that he was denied access to his "documents and evidence" pertinent to this case and that he did not have access to a law library until early June 2007 when he was transferred to a federal prison in Washington where he obtained access to a rudimentary law library. In an affidavit filed with the district court in response to the Defendant's motion to dismiss, Driggers alleged the following:

> About September, [sic] 2007, I had recouped enough of my documentary evidence and a copy of the Idaho Rules of Civil Procedure and parts of the Idaho Code from my family that I was able to begin work on a [c]omplaint to the Court. At first all Idaho [c]ourts refused me access by denying my requests for fee waiver. Then the federal authority at the [federal prison] refused to allow me to purchase sufficient postage to mail my legal documents. It cost me six (6) weeks time to straighten out this problem.
>     At the first of November, [sic] 2007, I was transferred to . . . a medium security institution [in Florence, Colorado] with a more sophisticated law library with typewriters, etc. . . . However, I still have no direct access to any State law cases including Idaho case law. Any case law from any State is from secondary sources quoting Idaho law (for instance).
>     . . . .
>     My filing of my claims against the named defendant in October of 2007 and March 2008 was the soonest I could humanly succeed in getting it filed under the circumstances.

Even if we assume, as Driggers contends, that he should not have reasonably discovered the basis for his claim prior to July 2006 and that ITCA allows for the tolling of its statute of limitations on the basis of imprisonment and lack of access to Idaho legal materials,[2] we conclude that applying equitable tolling in this circumstance would not render Driggers' claim timely. Driggers admits that he had access to his legal documents and sufficient Idaho law to begin work on his complaint in September 2007. However, he did not file the requisite notice of a tort claim with the secretary of state until approximately eight months later on May 27, 2008.

---

[2]     Idaho courts have yet to address whether equitable tolling is applicable to the ITCA.

Thus, even if we were to add an additional 180 days commencing at the time Driggers asserts that the obstructions to his filing a claim were lifted, he still would not have filed timely notice with the secretary of state. *See Larson v. Emmett Joint Sch. Dist. No. 221*, 99 Idaho 120, 123, 577 P.2d 1168, 1171 (1978) (holding, prior to amendments to the ITCA, that where the general tolling statute applicable to minors and the insane applied to the then 120-day notice provision of the ITCA, the giving of notice within a reasonable time, *not exceeding 120 days after removal of the incapacity*, complies with the ITCA statutory notice requirement). Accordingly, we conclude that even if equitable tolling applied to Driggers' case, it would not render his claim timely. Thus, the district court's order dismissing Driggers' ITCA claim is affirmed.

Chief Judge LANSING and Judge MELANSON **CONCUR**.