**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACY WORKMAN, | No. 18-35897 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00571-BLW |
| v. | |
| RONA SIEGERT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Former Idaho state prisoner Tracy Workman appeals pro se from the district court's summary judgment and dismissal orders on his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs and related state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted summary judgment on Workman's deliberate indifference claims against defendants Agler, Brown, Dawson, Gelok, Poulson, Young, and Siegert because Workman failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent to his diabetes and seizure-like episodes. *See Toguchi*, 391 F.3d at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Workman's state law negligence claim against defendant Siegert because Workman did not file a timely tort claim as required by the Idaho Torts Claims Act. *See* Idaho Code §§ 6-905, 6-908; *Driggers v. Grafe*, 148 Idaho 295, 297 (Ct. App. 2009) (determining "it is clear that failure to comply with the notice requirement bars a suit regardless of how legitimate it might be" (citation omitted)).

The district court properly dismissed Workman's claims against Mitchell and Roberts in the original and amended complaints, and Austin and Lemmons in

the original complaint, because Workman failed to allege facts sufficient to show that they were deliberately indifferent to his serious medical needs. *See Toguchi*, 391 F.3d at 1057 (setting forth deliberate indifference standard). The district court also properly dismissed Workman's claims against Corizon, Inc. and the Idaho Department of Corrections. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (private liability under § 1983 requires the constitutional violation be caused by "a policy, practice, or custom of the entity"); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) ("Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit" and "a state is not 'person' within the meaning of § 1983." (citations omitted)).

To the extent that Workman appeals the dismissal of his claims relating to his blood infection in the original complaint, the district court properly dismissed those claims because Workman did not allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by denying Workman's motion to amend his complaint because Workman failed to demonstrate good cause for seeking amendment seven months after the deadline to file an amended pleading. *See Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Nat. Gas Antitrust*

18-35897

*Litig.)*, 715 F.3d 716, 737-38 (9th Cir. 2013) (setting forth standard of review and explaining that "when a party seeks to amend a pleading after the [expiration of] the pretrial scheduling order's deadline . . . , the moving party must satisfy the 'good cause' standard of [Rule] 16(b)(4)").

The district court did not abuse its discretion by denying Workman's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because Workman demonstrated no basis for such relief. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (setting forth standard of review and the bases for reconsideration under Rule 59(e)).

The district court did not abuse its discretion by denying Workman's motions for appointment of counsel because Workman failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" standard for appointment of counsel).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-35897